■ JOHN F. BOPP et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 37655.) — Judgment modified, on the law and the facts, upon the authority of *Selig* v. *State of New York* (10 N Y 2d 34); *Crear* v. *State of New York* (2 A D 2d 735); *National Biscuit Co.* v. *State of New York* (12 A D 2d 998, vacat. and mod. 14 A D 2d 729, affd. 11 N Y 2d 743, cert. den. 370 U. S. 924), so as to reduce the award to $4,175 and appropriate interest and, as so modified, affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

■ In the Matter of the Claim of GEORGE CARROLL, Appellant, v. TRANS-DYNE CORPORATION et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— AULISI, J. Appeal by claimant from a decision of the Workmen's Compensation Board which found claimant was not an employee of respondent corporation and reversed the Referee's award. The claimant, Carroll, an electrician, worked full time for the respondent, Trans-Dyne Corporation, for apprroximately six months. He then took a full-time job with another employer but continued to work part time and on week ends for respondent. While working for respondent he was directed by Mr. Kay, the president of the respondent, to perform certain electrical work at Mr. Kay's newly purchased residence. On June 30, 1960, the claimant, while at work in the attic of Mr. Kay's house, came in contact with a live cable, received electric shock and was severely burned. The work claimant was performing was found by the board to be of purely personal benefit to Mr. Kay, but payment was made by the respondent, Trans-Dyne Corporation. There was evidence tending to establish employment status as well as evidence which might negate it, including various admissions and claimant's allegations and Kay's defenses in an action which claimant brought against Mr. Kay as his employer in Supreme Court based on the penalty section of the Workmen's Compensation Law (Workmen's Compensation Law, § 11) which imposes liability upon an employer who fails to secure coverage. This action was dismissed on the merits on the grounds *inter alia* that Mr. Kay, or a householder, was not required to carry compensation insurance for work done on his home. Thereafter, claimant filed for compensation benefits and on the facts presented above was given an award by the Referee. The board thereupon reversed, finding that claimant was not an employee of respondent stating: "He was injured while performing a task for the personal benefit of Leopold M. Kay, unrelated to any corporate purpose. As Mr. Kay's home was a one-family house and was not a business carried on for pecuniary gain, no workmen's compensation insurance coverage was required, and we so find." These findings are not an adequate legal basis for the board's decision. From the finding that claimant was performing a personal task — which might create a legal issue as between the corporation and the president, but not one necessarily affecting claimant's rights or the scope of his employment — it does not necessarily follow that the employment status terminated, particularly so in the light of the undisputed testimony that the president of respondent directed claimant to leave his work at the plant to work at the president's home and that it was respondent who paid claimant for such work. Decision reversed, with costs to appellant, and case remitted to the Workmen's Compensation Board for adequate findings or other proceedings not inconsistent herewith. Gibson, P. J., Taylor and Hamm, JJ., concur; Reynolds, J., dissents and votes to affirm in the following memorandum: This case presented questions of fact which were decided by the board upon substantial evidence.