■ In the Matter of the Claim of JOHN MCDERMOTT, Respondent, v. GILES VARNISH COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board holding that claimant sustained an accidental injury while within the scope of his employment. Claimant, a general handyman at the Giles Varnish Company's plant for 11 years, was injured on Saturday, June 8, 1963, when as he was cutting tree branches at the personal dwelling of the president of Giles Varnish he fell from a ladder. We can find no evidence in the present record to sustain the board's conclusion that the injury arose out of and in the course of claimant's employment with

the Giles Varnish Company. Claimant was not directed off his regular job on a day on which he would otherwise have been working there. Nor was he paid by the appellant-employer, the president paying him out of his own pocket (cf. *Matter of Carroll* v. *Trans-Dyne Corp.*, 22 A D 2d 739). Furthermore, there is absolutely no proof to support a conclusion that claimant's employment relationship with the Giles Varnish Company in any manner compelled his acceptance of the duties undertaken for its president. Rather all of the proof clearly indicates that the claimant's activities resulted from a long-standing personal relationship between the employer's president and claimant and in no way were incidental to claimant's regular employment. Decision reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in a memorandum decision by Reynolds, J.