■ In the Matter of the Claim of IDA B. DAVIS, Respondent, v ALPHA APPLE, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the

Workers' Compensation Board, filed January 2, 1991, which ruled that claimant's decedent sustained an accidental injury in the course of his employment and awarded workers' compensation benefits.

We reject the employer's contention that the record fails to adequately support the finding by the Workers' Compensation Board that claimant's decedent sustained an accidental injury in the course of his employment. Whether an activity is within the course of one's employment is a factual issue for the Board to resolve (see, Matter of Purdy v Savin Corp., 135 AD2d 975, 976). The existence of evidence which might support a contrary conclusion does not provide a basis to disturb the Board's determination if it is supported by substantial evidence in the record (see, Matter of Ribar v County of Suffolk, 125 AD2d 801, 802). Here, claimant's decedent was directed by his supervisor to leave his place of employment with several co-workers to perform an activity that was not for decedent's personal gain and which was done with the knowledge of the employer (see, Matter of Richardson v Fiedler Roofing, 67 NY2d 246, 249; cf., Matter of McDermott v Giles Varnish Co., 27 AD2d 781). Decedent died as a result of an injury sustained while using the employer's equipment. Even though an activity is for the private benefit of a supervisor, an injury sustained in the course of that work may be compensable (see, 1A Larson, Workmen's Compensation § 27.41; see also, Matter of Carroll v Trans-Dyne Corp., 22 AD2d 739).

Mikoll, J. P., Yesawich Jr., Crew III, Casey and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.