■ BARNETT GUTHARTZ, Respondent, v CITY OF NEW YORK et al., Appellants.—Order, Supreme Court, New York County, entered September 8, 1977, denying defendants' motion for summary judgment is unanimously modified, on the law, and defendant's motion for summary judgment is granted to the extent to dismissing the complaint, without prejudice to an application to Special Term, to be made within 30 days after the service of a copy of the order hereon, for leave to serve an amended complaint based on failure of consideration or condition, impossibility, frustration of purpose, or related grounds, and the order is otherwise affirmed, without costs and without disbursements. The complaint is essentially based on alleged misrepresentations or failures by the city to perform its obligations. But these misrepresentations, even as alleged, are only promissory in nature and thus they, as well as the claims based on the other alleged promises by the city, are barred by the parol evidence rule and the "entire agreement" provision of the lease and the provision forbidding modification otherwise than in writing. There is no allegation that the city did not intend to perform its alleged promises. As to the third cause of action for reformation, no ground is shown for reformation; there is nothing to indicate that there was any mistake. Thus the complaint falls. However, there are intimations that the lease may have failed of its purpose in such sense as to relieve the plaintiff of its obligations with consequent return of his deposit; for that reason we do not bar the possibility of a claim based on that or related grounds, and for the same reason we do not grant defendants' motion for summary judgment on its counterclaims, believing it better to await a proper pleading alleging these grounds. However, no basis is alleged in the complaint for a claim for damages either for breach of contract or misrepresentations. Concur—Kupferman, J. P., Silverman, Lane and Markewich, JJ.