■ BARNETT GUTHARTZ, Respondent, v CITY OF NEW YORK et al., Appellants. — Order, Supreme Court, New York County (Alexander, J.), entered May 7, 1981, which denied defendant's motion for summary judgment and granted plaintiff's cross motion for leave to serve an amended complaint, reversed, on the law, plaintiff's cross motion denied, defendant's motion for summary judgment granted and matter remanded for assessment of damages, without costs. This case, involving a dispute over a lease between the parties for a portion of the Hunts Point Food Market, was previously on appeal before this court (66 AD2d 707), at which time this court modified Special Term's prior denial of the city's motion for summary judgment to the extent of dismissing the complaint "without prejudice to an application to Special Term *** for leave to serve an amended complaint based on failure of consideration or condition, impossibility, frustration of purpose, or related grounds". At issue here is whether the amended complaint alleges new facts sufficient to support the newly alleged cause of action, based upon the failure of consideration, impossibility or frustration of purpose. In dismissing the complaint originally, without prejudice to a subsequent application, this court stated: "The complaint is essentially based on alleged misrepresentations or failures by the city to perform its obligations. But these misrepresentations, even as alleged, are only promissory in nature and thus they, as well as the claims based on the other alleged promises by the city, are barred by the parol evidence rule and the 'entire agreement' provision of the lease and the provision forbidding modification otherwise than in writing. There is no allegation that the city did not intend to perform its alleged promises. As to the third cause of action for reformation, no ground is shown for reformation; there is nothing to indicate

that there was any mistake. Thus the complaint falls. However, there are intimations that the lease may have failed of its purpose in such sense as to relieve the plaintiff of its obligations with consequent return of his deposit; for that reason we do not bar the possibility of a claim based on that or related grounds, and for the same reason we do not grant defendants' motion for summary judgment on its counterclaims, believing it better to await a proper pleading alleging these grounds. However, no basis is alleged in the complaint for a claim for damages either for breach of contract or misrepresentations." Plaintiff then made a timely motion for leave, annexing a proposed amended complaint containing 11 numbered paragraphs. The first 10 paragraphs of the amended complaint are essentially identical to the factual allegations present in the first 10 paragraphs of the original complaint and allege that the city made certain representations and promises to plaintiff which plaintiff relied on in addition to the terms of the lease. The remaining paragraph states as follows: "Eleventh: The acts and conduct of the defendants, their agents, servants and employees are such as to have led to a failure of consideration and complete frustration of the parties of the lease as well as impossibility of performance thereof". It sets forth the theory of law and is simply an adoption of the language contained in this court's prior decision. The granting of leave to seek to plead anew imposes a burden on the party to lay bare its proofs in its application. Here the amended pleadings and affidavits did not lay before the court any different or additional factual basis, but merely repeated what was in the original complaint. These identical allegations of misrepresentation by the city in the proposed amended complaint cannot support the plaintiff's new claim based on failure of consideration, impossibility or frustration of purpose. The deficiencies of the complaint cannot be cured by plaintiff tacking thereon the conclusory allegations that "[t]he acts and conduct of the defendants, their agents, servants and employees are such as to have led to a failure of consideration and complete frustration of the parties of the lease as well as impossibility of performance". Conclusory allegations do not satisfy the requirement that the complaint must set forth essential facts with some degree of particularity upon which a claim or legal theory is based (*Goldstein v Siegel,* 19 AD2d 489). The failure to lay bare the proof, and to plead and set forth essential facts to support its conclusory allegations, render this proposed pleading insufficient as a matter of law. Therefore, Special Term erred in granting plaintiff's application for leave to serve his amended complaint. Concur — Murphy, P. J., Sullivan, Carrro and Lupiano, JJ.

Kupferman, J., dissents in part in a memorandum as follows: While I concur with the majority in its conclusion that the amended complaint should be dismissed, I would grant the plaintiff's application for leave to serve a further amended complaint in compliance with the previous determination of this court (66 AD2d 707). The plaintiff has attempted to comply with our previous determination in the allegation of paragraph 11. While the other allegations seem to adhere to the original complaint, the essence of this court's previous determination was that the plaintiff might be free of his arrangement with the city by reason of frustration of purpose if he could establish those allegations. Therefore, the pleading is in substantial compliance. However, it goes further and requests damages, and such allegation should be excised. On the argument, counsel for the plaintiff conceded that there are some allegations, such as the damage claim, that should be eliminated, and accordingly, leave should be given for further pleading. (Cf. *Kaminsky v Kahn,* 20 NY2d 573, 582-583.)