■ BOARD OF HIGHER EDUCATION IN THE CITY OF NEW YORK, Respondent, v BASS & D'ALESSANDRO ENTERPRISES, INC., Appellant. — Judgment, Supreme Court, New York County (Myers, J.), entered May 15, 1980, declaring plaintiff board of higher education as owner of a structure on the Lehman College campus, and enjoining defendant from dismantling it and retrieving its salvageable parts, affirmed, with costs and disbursements. The dissent agrees that, in this equity action, there was an equitable basis for the Trial Term's determination. We cannot agree with the dissent that equity requires an additional payment by the plaintiff of $193,412. The defendant has already received $792,000 from the plaintiff for a building that cost it $538,000. We find that it would be most inequitable to add $193,412 to its profit. Concur — Sandler, Silverman and Lynch, JJ.

Kupferman, J. P., dissents in part in a memorandum as follows: This case presents a classic example of the need for evenhanded justice.[*] In 1973, the plaintiff-respondent, Board of Higher Education in the City of New York, awarded a contract, after competitive bidding, to the defendant-appellant, to construct a prefabricated building structure on the Lehman College campus, in The Bronx, for use as a nurses' educational college center. The building was of a type that could be easily dismantled. The arrangement was a lease agreement under which the board was a lessee and agreed to pay to the contractor, the lessor, a monthly rental for five years, with the lease to expire on September 16, 1978. At $13,200 a month, the eventual total rental was $792,000. Under the agreement, the board was given an option to purchase the building for $1.00, exercisable by written notice at least 60 days prior to the lease expiration date of September 16, 1978, which meant that the notice had to be given by July 16. Failure to exercise the option would allow the contractor-owner to remove the building and the parts thereof, and the board would pay for the cost of such removal, not to exceed $20,000. Obviously, this was similar to a sale-leaseback type of situation, which has certain tax and other advantages. Due to ministerial inadvertence, the board failed to give timely notice of intent to exercise the option. When the contractor notified the board that it intended to obtain possession of, and demolish, the building, some 10 days after the lease expired by letter of September 29 the board tendered the $1.00 nominal consideration. The owner rejected this late offer and the plaintiff board commenced this declaratory and injunctive action, seeking the court's equitable aid to have it declared the owner by right of the option to be deemed exercised and to have the contractor enjoined from removing the building. A preliminary injunction was granted and the parties submitted the controversy upon an agreed statement of fact. However, the Justice presiding at that time denied judgment and dismissed the submission, stating that the matter should be tried in order to determine the factual issues surrounding the reason for plaintiff's failure to exercise the option in timely fashion. The testimony before the Trial Justice showed that the board always intended to exercise the option but because of administrative changes, failed to do so; that if the option were not deemed to be exercised, not only would the rental of $792,000 (in reality, a purchase payment) be forfeited but also some $200,000 in improvements and that a new needed structure would cost some $1,000,000; that the current value of the salvageable parts, if removed by the contractor, was $193,412, after deducting costs of removal, which removal costs were payable up to $20,000 by the board; and that the contractor had received substantial tax benefits during the period of ownership by taking tax depreciation to the extent of 90% of the value. Trial Term gave judgment for the plaintiff, and I must agree with the majority that, in equity, there was a basis for this determination. However, in many previous cases, the City of New York has insisted on enforcing the legal provisions of its agreements, despite the equities for the other side. (See *Mars Assoc. v City of New York,* 53 NY2d 627, affg 70 AD2d 839; *Joseph F. Egan, Inc. v City of New York,* 17 NY2d 90; *Guthartz v City of New York,* 66 AD2d 707, 84 AD2d 707). The contractor has agreed to limit its claims to the current value of the salvageable parts, being $193,412. The board, having failed to give timely written notice, as required by the agreement, and office failure being no excuse (cf. *Barasch v Micucci,* 49 NY2d 594), the judgment for the plaintiff should be conditioned on the payment of $193,412.