■ JESSE A. BLUMENTHAL, Appellant, v 162 EAST 80TH TENANTS, INC., Respondent. — Order of the Supreme Court, New York County (Blangiardo, J.), entered on February 24, 1982, which denied plaintiff's motion for a preliminary injunction and granted defendant's cross motion to dismiss the complaint for failure to state a cause of action, is reversed, on the law, without costs, and the complaint reinstated and the motion for a preliminary injunction granted. Plaintiff-appellant Blumenthal is a medical doctor whose professional office is situated on the first floor of a co-operative apartment building owned by defendant. Plaintiff's lease for the premises, which commenced on December 1,

1976 for a five-year period, contained an option-to-purchase clause. Although plaintiff did not exercise the option within the four years specified in the agreement, he attempted to avail himself of the option by letter dated June 15, 1981, some six and one-half months after its expiration. Plaintiff's offer was rejected, so he commenced this action for equitable relief based upon the standards enunciated in *J. N. A. Realty Corp. v Cross Bay Chelsea* (42 NY2d 392). In that case, the Court of Appeals declared that equity will intervene to prevent a forfeiture arising out of a tenant's neglect or inadvertence in failing to timely exercise an option. Such a forfeiture could result, for instance, where the tenant has made valuable improvements on the property or where he has a long-standing interest in that particular location. In plaintiff's complaint and affidavit in support of his motion for a preliminary injunction, he claims to have made substantial renovations costing in excess of $35,000 in order to render the office suitable for his needs, and that relocating to other premises would be extremely disruptive to his practice and would involve a considerable outlay of money. He also asserts that because he was never informed that the option term was four years, he believed that the option was available for the entire duration of the lease. In response, the defendant argues that the plaintiff should be held strictly to the provisions of the lease. Special Term, in dismissing the complaint for failure to state a cause of action, distinguished *J. N. A. Realty Corp. v Cross Bay Chelsea* (*supra*), from the instant matter in that what was involved there was an option to renew rather than to purchase. However, the principles laid down in *J. N. A. Realty* are no less valid when applied to an option to purchase as they are with regard to an option to renew. (See *Board of Higher Educ. v Bass & D'Alessandro Enterprises,* 85 AD2d 543; *T. I. P. Holding No. 2 Corp. v Wicks,* 63 AD2d 263.) The plaintiff's complaint clearly contains factual allegations which make out a cause of action for equitable relief, and the court was thus in error in granting the defendant's motion to dismiss. Further, the court should have issued a preliminary injunction, since the plaintiff has demonstrated both a likelihood of success on the merits and irreparable harm absent the preliminary injunction. Concur — Sullivan, J. P., Ross, Markewich and Milonas, JJ.