■ 117 EAST 24TH STREET ASSOCIATES, Respondent, v STEVEN KARR et al., Appellants. — Order, Supreme Court, New York County (P. J. McQuillan, J.), entered May 13, 1982 denying in part defendants' motion to dismiss the complaint pursuant to CPLR 3211 (subd [a]), is reversed, so far as appealed from by defendants, on the law, with costs, and defendants' motion to dismiss the complaint is granted, and the complaint is dismissed in toto for failure to state a cause of action under CPLR 3211 (subd [a], par 7), without prejudice to an application by plaintiff at Special Term on affidavits which shall comply with CPLR 3211 (subd [e]) for leave to serve an amended complaint alleging adequately factual causes of action. The vague conclusory allegations of the complaint fail to give "sufficiently particular" "notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action". (CPLR 3013.) These conclusory allegations do not satisfy this requirement. (See Guthartz v City of New York, 84 AD2d 707, 708.) Conspiracy is not a civil tort. (Miller v Spitzer, 224 App Div 39; Ginsburg v Redmond Finishing Co., 75 AD2d 505, 506.) Substantially the only facts alleged are a concerted nonpayment of rent and denial of access to the apartments. These allegations standing by themselves do not necessarily give rise to a cause of action, either against particular tenants or against all the tenants. There must be allegations of relevant particular factual circumstances or particular contractual provisions arising out of the leases of particular tenants. (See Bartley v Walentas, 78 AD2d 310, 315.) It is difficult to see — and the complaint does not help us — how denial of access by a particular tenant, or nonpayment of rent by a particular tenant, may give rise to claims against other tenants. Accordingly, the complaint is insufficient. Concur — Sandler, J. P., Sullivan, Silverman, Fein and Milonas, JJ.