■ AMES CONTRACTING CO., INC., Respondent, v CITY UNIVERSITY OF NEW YORK, HERBERT H. LEHMAN COLLEGE, Appellant. (Claim No. 67274.) — Order of the Court of Claims (Weisberg, J.), entered August 8, 1983, denying defendant's motion to

dismiss claimant's claims, reversed, on the law, without costs, and the motion granted.

Pursuant to a contract dated July 28, 1971, claimant-respondent Ames Contracting Co., Inc. (Ames) agreed to erect, maintain and lease to the Board of Higher Education in the City of New York (Board), defendant-appellant's predecessor, a temporary dining hall at Herbert H. Lehman College, a facility then owned and operated by the Board. The term of the lease was five years at a net annual rental of $99,300. At the end of the term the Board had the option of purchasing the building for the sum of $1. If the option was not exercised, Ames was obligated to remove the building with the Board paying removal costs not to exceed $10,000. Written notice to Ames of the Board's intention to exercise the option was required at least 60 days prior to the expiration of the lease term.

The lease's expiration date was May 15, 1977. By letter dated May 4, the Board notified Ames of its intention to purchase the building. On May 6, Ames rejected the letter on the ground that it had not been given the required 60-day notice. By letter dated May 12, 1977, Ames demanded that the Board surrender possession of the building. The Board refused and no further payments were made to Ames after the lease term.

Subsequently, the Board became the defendant-respondent City University of New York (CUNY) (Education Law § 6201 *et seq.*). The State of New York assumed funding for the operating expenses and debt service of CUNY's senior colleges, including Herbert H. Lehman College. Education Law § 6224 (4) confers exclusive jurisdiction upon the Court of Claims to determine claims against CUNY based upon any "breach of a contract relating to construction, reconstruction, improvement, maintenance, operation, purchase or personal services entered into by such university in connection with a senior college". The subdivision further provides that: "Nothing contained in this section shall be construed as passing upon the merits of any such claims and no such award shall be made or judgment rendered unless supported by such evidence as would sustain a judgment against an individual or corporation in a court of law or equity."

Ames filed notices of intention to file a claim on February 26, 1981 and October 26, 1982. On November 15, 1982, 5½ years after the lease had expired, the two claims at bar were filed. The first seeks recovery of $212,460 for the use and occupancy of the premises and the second for $125,000, the alleged value of the building and fixtures which Ames was prevented from removing.

Defendant-appellant CUNY appeals from the order of the Court of Claims (Weisberg, J.), which denied its motion to dismiss for failure to state a cause of action and on the ground that the claims were untimely filed. In *Board of Higher Educ. v Bass & D'Allessandro Enters.* (85 AD2d 543 [1981]), we addressed a similar issue. There this court was presented with a construction and lease agreement for another temporary building, also at Herbert H. Lehman College. The agreement contained an option provision which the Board did not exercise in the time period provided in the contract. The Board instituted an action in Supreme Court seeking a judgment declaring it to be the owner of the structure and enjoining the defendant therein from commencing removal and salvage operations. The Board prevailed primarily upon a determination that there was a sufficient equitable basis to support a finding that the Board, having fulfilled its obligation under the contract, should be declared the owner of the building.

In the case at bar, the Court of Claims distinguished *Bass & D'Allessandro* (*supra*) on the ground that equitable jurisdiction is not vested in the Court of Claims, and hence it is not empowered to render declaratory or injunctive relief. While it is true as a general proposition that the Court of Claims jurisdiction extends only to awarding money damages against the State, "the Court of Claims may apply equitable considerations and perhaps, to some extent, may grant some sort of incidental equitable relief" (*Psaty v Duryea,* 306 NY 413, 417 [1954]; *see also,* 28 NY Jur 2d, Courts and Judges, § 271).

Court of Claims Act § 12 (1) provides: "[n]o judgment shall be granted on any claim against the state except upon such legal evidence as would establish liability against an individual or corporation in a court of law or equity." Similar language appears in Education Law § 6224 (4). In establishing the Court of Claims, the State waived its common-law immunity from suit. By waiving sovereign immunity, however, the Legislature did not intend to subject the State to liability in excess of that recognized under traditional theories of contract law or to prevent the State from defending against contract actions as in "a court of law or equity." Had this action been commenced in 1977, the year when the lease expired, Ames would have had to bring suit in the Supreme Court, inasmuch as Education Law § 6224 (4) was not enacted until two years later, and the same equitable considerations which mandated the result in *Bass & D'Allessandro* (*supra*) would have been available in the Board's defense.

The agreement between the parties clearly contemplated either the purchase of the building by the Board for the nominal

sum of $1 upon the expiration of the lease or its removal by Ames. To hold CUNY liable for past and indeterminate future payments for use and occupancy of a building which it had the opportunity to purchase for $1 would result in an intolerable forfeiture and an unwarranted windfall to Ames. (*See, Blumenthal v 162 E. 80th Tenants,* 88 AD2d 871 [1982].) Concur — Murphy, P. J., Ross, Carro and Milonas, JJ.