■ PARKWAY WINDOWS, INC., Appellant, v RIVER TOWER ASSOCIATES et al, Respondents, et al., Defendant. RIVER TOWER ASSOCIATES, Plaintiff, v PARKWAY WINDOWS, INC., et al., Defendants. — Order of the Supreme Court, New York County (Grossman, J.), entered August 17, 1983, which granted defendants' motion to dismiss the complaint to the extent, *inter alia,* of dismissing all causes of action against Tishman Construction Corporation, is unanimously modified, on the law, to the extent of denying defendant Tishman's motion to dismiss as to the fourth, sixth, eleventh and twelfth causes of action, with leave to plaintiff to replead the tenth cause of action, and otherwise affirmed, without costs.

Appeal from the order of the Supreme Court, New York County (Grossman, J.), entered January 18, 1984, which, *inter alia,* denied plaintiff's motion for reargument and granted defendants', River Tower Associates and Tishman Construction Corporation, cross motion to dismiss the amended complaint in action No. 1, with leave to plaintiff to serve a proper amended complaint, is dismissed as nonappealable in part, and abandoned as to the balance, without costs.

Order of the Supreme Court, New York County (Gammerman, J.), entered July 17, 1984, which granted defendant River Tower Associates' motion for an order dismissing the repleaded eighth and ninth causes of action of plaintiff's second amended complaint, is reversed, on the law and facts, without costs, the order vacated and the third amended complaint of March 20, 1984 deemed properly served.

By agreement dated December 22, 1980, Parkway Windows contracted to install windows at the building being constructed at 420 East 54th Street in Manhattan, for $1,250,000. The owner of the building, River Tower Associates, and the construction manager, Tishman Construction Corporation of New York, specifically acting "as agent for owner", were signatories and named parties to the contract. Due to disputes over the performance of the contract, Tishman, "[a]s agent * * * for RIVER TOWER ASSOCIATES", served a notice of termination on Parkway on August 4, 1981, and in December 1981, owner River Tower

Associates commenced an action for breach of contract, breach of warranty, misrepresentation and fraud against Parkway (known herein as action No. 2).

In February 1983, Parkway Windows commenced a *separate* action (as opposed to counterclaiming in action No. 2) against River Tower Associates and Tishman. The first and second causes of action in the complaint were asserted against River Tower alone and were for the contract's balance and for foreclosure of a lien; the last 11 causes of action were against both defendants.

The third through sixth causes of action, each for $75,000 compensatory damages and between $3 million and $5 million punitive damages, alleged defendants' interference with plaintiff's performance of the contract — the third for failing to give plaintiff access to the worksite at the designated commencement date of the job, February 1981, until mid-March; the fourth for active interference and harassment; the fifth for willful and gross negligence; and the sixth for intentional and malicious conduct.

The seventh cause of action asserted the unconscionability, and thus unenforceability, of the December 22, 1980 contract, such that plaintiff was entitled to the reasonable value of its work as opposed to the lesser contract price, and sought damages of $421,196.

The eighth cause of action for the same amount was based upon allegations that defendants compelled plaintiff to make so many changes in the work called for under the contract that defendants had repudiated and abandoned that contract (and apparently the original contract price) so that plaintiff could recover the greater, reasonable value of its work.

The ninth cause of action, for $1 million compensatory and $3 million punitive damages, asserted defendants withheld payments from plaintiff for the purpose of compelling plaintiff to perform extra work.

The tenth cause of action, for $1 million compensatory and $5 million punitive damages, alleged defendants' payment of moneys due to plaintiff to third parties, without authorization from plaintiff, depriving plaintiff of its right to pay creditors and adversely affecting plaintiff's credit standing.

The eleventh cause of action, for $1 million compensatory and $5 million punitive damages, asserted defendants' refusal to allow plaintiff access to the worksite on August 4, 1981 and thereafter.

The twelfth cause of action sought $10,000 compensatory and $10 million punitive damages based upon defendants' conversion of plaintiff's tools and materials between August 1 and 31, 1981.

And, finally, the thirteenth cause of action, for identical damages as the twelfth cause of action, is based upon allegations of defendants' conspiracy to convert plaintiff's property in August 1981.

Defendant Tishman moved to dismiss all causes of action against it pursuant to CPLR 3211 (a) (1), (7) and River Tower cross-moved to dismiss the second, third, fifth through seventh, and ninth through thirteenth causes of action against it pursuant to CPLR 3211 (a) (1), (7), (10). The reference to CPLR 3211 (a) (10) was based upon plaintiff's failure to name a lienor, Hudson-Shatz Painting Company, as a party defendant in its second, foreclosure of lien, cause of action. Thus, plaintiff cross-moved for leave to serve a supplemental summons naming said entity as a party and to have the complaint deemed amended.

Special Term granted the motion to dismiss pursuant to CPLR 3211 (a) (7) only as to all claims against Tishman, all punitive damages claims as to both defendants and the seventh, ninth, tenth and thirteenth causes of action as against defendant River Tower, with leave to replead the ninth and tenth causes, and also granted plaintiff leave to serve an amended summons and complaint adding the additional lienor, correcting the defect of the second cause of action.

The court found Tishman was an agent for a disclosed principal and thus could not be liable under the contract and that all plaintiff's purported tort claims were in truth of a contractual nature, or at least arose out of the contractual relationship of the parties, and therefore could not be maintained. Punitive damages were found not to be available as a remedy for a breach of contract. The seventh cause of action for unconscionability was found insufficient, as plaintiff failed to allege what clauses of the contract were unconscionable and failed to allege any oppression or lack of meaningful choice in the negotiation of the contract. Special Term found plaintiff was entitled only to interest lost on moneys wrongfully withheld or wrongfully paid to third-party creditors of plaintiff, and thus dismissed the ninth and tenth causes of action with leave to replead. The thirteenth cause of action for conspiracy was found to be nonexistent and to add nothing to the twelfth cause of action for conversion.

On August 29, 1983 plaintiff Parkway Windows obtained an order tolling the 20-day period in which it had to replead pending determination of a motion to reargue. Parkway Windows also sought for the first time to consolidate actions Nos. 1

and 2 and for summary judgment dismissing certain causes of action against it in action No. 2. Despite having obtained the interim stay of the time limitations on repleading, plaintiff on September 7, 1983 served an amended complaint, which merely added the additional lien holder as a party so as to correct the second cause of action, but left the claims for punitive damages and those against Tishman and the seventh, ninth, tenth and thirteenth causes of action unaltered in any respect. Accordingly, both defendants moved to dismiss the amended complaint as failing to comply with the substantive provisions of the prior court order.

In those portions of its order relevant herein, Special Term denied the motion for reargument and granted defendants' cross motion, with plaintiff given leave to replead within 10 days.

Plaintiff's application to this court for a stay in serving a second amended complaint, pending determination of its appeals from the two orders above, was denied except to extend plaintiff's time to serve such an amended complaint. Within that time period set by the Appellate Division, plaintiff served a second amended complaint which, *inter alia,* modified the causes of action for moneys withheld and wrongfully paid to third-party creditors of plaintiff, now renumbered causes of action eight and nine, to claims for $250,000 for deprivation of the investment value of the funds due it. River Tower moved to dismiss these causes of action for failure to comply with the prior order in that they sought the lost investment value of the funds as opposed to "lost interest". Plaintiff, on March 20, 1984, then served a third amended complaint in which it modified these two causes of action for damages for deprivation of interest. River Tower, however, rejected the complaint as untimely.

Special Term, in the order entered July 17, 1984, granted River Tower's motion to dismiss the eighth and ninth causes of action of the second amended complaint, with prejudice, finding that plaintiff had twice served pleadings which failed to conform with the prior orders of Special Term, by asserting a claim more expansive than that for lost interest, and that plaintiffs offered no excuse for such noncompliance. The court found the March 20, 1984 service of a third amended complaint to be a nullity and properly rejected as served beyond the time permitted by the Appellate Division in its order denying a stay.

In the first order of August 17, 1983, Special Term overlooked the applicable law holding that an agent is personally liable for affirmative wrongdoing, as opposed to omissions of the agent (*see, Jones v Archibald,* 45 AD2d 532). The case law cited by Special Term holds only that an agent is not liable for inadequate or negligent supervision of a contract where the duty to

supervise arises from a contract with the owner, as to which contract plaintiff is not a party. In such cases, the agent then owes no duty of proper supervision to plaintiff and thus cannot be liable for omissions (*Alford & Swift v Muller Constr. Co.,* NYLJ, Sept. 15, 1976, p 7, col 4 [Sup Ct, NY County], *affd* 56 AD2d 761, *affd* 46 NY2d 276).

Special Term's reliance on *Sears, Roebuck & Co. v Enco Assoc.* (43 NY2d 389, 396-397), for the proposition that a contractual structure such as herein shields the agent from liability for affirmative wrongdoing, was misplaced. *Sears* analyzed claims as of a contractual or a tortious nature solely for purposes of determining the applicable Statute of Limitations and not for the purpose of substantive liability. Therefore, the bar against suing a disclosed agent for omissions is sufficient to warrant dismissal as against Tishman only of the third cause of action (for failure to allow plaintiff to commence work until mid-March 1981); the fifth cause of action (for gross negligent supervision); the eighth cause of action (alleging Tishman repudiated the contract); and the ninth cause of action (for failing to make payments due). However, the fourth cause of action (for Tishman's active interference and harassment); the sixth cause of action (for intentional and malicious conduct interfering with plaintiff's performance); the tenth cause of action (alleging Tishman wrongfully paid third parties); the eleventh cause of action (alleging Tishman barred plaintiff from the worksite); and the twelfth cause of action (alleging Tishman converted plaintiff's personal property) are sufficient as they allege affirmative wrongdoing on the part of the agent.

The dismissal of the seventh cause of action for unconscionability was proper since it fails to allege what provisions are unconscionable or why. The thirteenth cause of action is plainly insufficient as there is no tort of conspiracy (*117 E. 24th St. Assoc. v Karr,* 95 AD2d 735). Plaintiff's attempt to have this cause construed as one for prima facie tort must fail since it appears there was economic justification for the conduct complained of and there is no allegation that defendants undertook this conduct solely out of disinterested malevolence.

In addition, Special Term's dismissal of all punitive damage claims was proper. Although punitive damages may be obtained on a conversion claim or upon allegations of malicious conduct (*see, Le Mistral, Inc. v Columbia Broadcasting Sys.,* 61 AD2d 491), it is evident from the pleadings that no wrong to the general public is involved. The dispute in the case at bar involves solely private wrongs such as to make punitive damages inappropriate (*see, Garrity v Lyle Stuart, Inc.,* 40 NY2d 354).

The original ninth and tenth causes of action were correctly found by Special Term to have been improperly pleaded as to damages. The proper measure of damages for money withheld is lost interest, as Special Term held (*O'Rourke Eng. Constr. Co. v City of New York,* 229 App Div 261).

The additional elements which plaintiff now claims these causes of action assert are insufficient, as the additional allegations are not related to the alleged damages. Thus, plaintiff asserts that the purpose of defendants withholding money under the ninth cause of action was to compel plaintiff to perform extra work. This alleged purpose, however, has no articulated nexus with any identified damage suffered by plaintiff. It is not alleged that plaintiff performed extra work because of these tactics and, even if it were alleged, plaintiff has a remedy in seeking payment for extra work, not on the basis of moneys withheld.

Similarly, the plaintiff asserts the tenth cause of action alleges that defendant, by paying third-party creditors of plaintiff instead of plaintiff itself, prevented plaintiff from fulfilling its obligations under Lien Law article 3-A and thus constituted a diversion of trust assets. Although violations of the Lien Law might be a basis for liability if plaintiff suffered damages by reason of suits from its laborers and materialmen, no such loss is alleged. Plaintiff alleged in the tenth cause of action that its loss was harm to its credit standing with absolutely no nexus to the Lien Law. Thus, with both of these causes of action the decision to impose the traditional limits of lost interest was correct.

The order of July 17, 1984, which dismissed these causes of action in the second amended complaint with prejudice and found plaintiff's service of a third amended complaint on March 20, 1984 to be a nullity, was, however, erroneous and an abuse of discretion. Pursuant to CPLR 3025 (a), plaintiff had the right to amend its second amended complaint, served February 27, 1984, in a timely fashion, pursuant to this court's grant of an extension of time to do so. Issue had not been joined and this, in fact, was plaintiff's first amendment as of right. The first amendment was undertaken with leave under the August 17, 1983 order of Special Term, and the second amendment was also with leave pursuant to the January 18, 1984 order of Special Term and this court's February 1984 order. Plaintiff should not be deprived of two viable causes of action simply because its counsel alleged, in timely fashion, loss of investment value and 22 days later amended that claim to lost interest. Concur — Sandler, J. P., Asch, Bloom and Fein, JJ.