OPINION OF THE COURT
James D. Benson, J.
This motion by plaintiffs in action No. 1 for an order pursuant to CPLR 3025 amending the complaint in action No. 1 to allege a demand for punitive damages against the defendants in action No. 1 is granted.
The question here is whether the plaintiff in an action under Lien Law article 3-A may recover exemplary or punitive damages from a trustee who has diverted trust funds in violation of Lien Law § 79-a.
This court answers the question in the affirmative upon the opinion which follows.
In this statutory class action under Lien Law article 3-A, the class action plaintiff moves for leave to amend its complaint a second time to assert a cause of action for attorney’s fees and punitive damages against all of the defendants.
In its papers in support of this motion, plaintiff Sabol & Rice, Inc., has referred to plaintiffs Carrier Corporation, Pine Bush Equipment Co., Inc., Primrose Contracting Corp., RSL Enterprises, Inc., doing business as Sullivan County Glass Company and PPG Industries, Inc. None of these has been named as a plaintiff in this action or in either of the actions jointly administered pursuant to the May 23, 1989 order. The court assumes that the reference is to. claimants which are members of the class represented by Sabol & Rice in the statutory trust action under Lien Law article 3-A (action No. 1).
The allegations of the proposed second amended complaint, beginning at paragraph 26, are that the defendant Poughkeepsie Galleria "made unauthorized, illegal, unjustified and improper payments) and diversion of trust funds by operation of law,” and that the defendants diverted the statutory trust funds in violation of Lien Law § 77. The pleading continues by alleging specific receipts into the statutory trust and diversions from it to the detriment of statutory beneficiaries. Plain *643 tiff also alleges disbursement of $28,000,000 in trust assets to Poughkeepsie Galleria’s partners while the claims of contractors, subcontractors and suppliers remained unsatisfied. Plaintiff further alleges that the defendant PGC received a "windfall” of $22,307,324 from the diversion of the trust. The plaintiff demands judgment declaring Poughkeepsie Galleria a trustee, requiring it to account and against all of the defendants for attorney’s fees and exemplary damages.
The plaintiff relies in part on this motion upon deposition testimony of the comptroller of the Pyramid companies that no separate trust account for the satisfaction of construction claims was established and that the only source of payment would be the partners’ repayment to the partnership of the distribution to them.
Lien Law § 77, which is entitled "Action to enforce trust” provides in subdivision (3) (a) that "The relief granted in any such action may include any or all of the following”. There follows a listing of the remedies which the Legislature provided, including "(ix) [s]uch other relief as to the court may seem necessary and proper”.
It is well established that the relief which may be granted in a statutory action such as this is limited to the relief which the Legislature provided. (Pajak v Pajak, 56 NY2d 394; City of New York v New York Tel. Co., 108 AD2d 372, 375, appeal dismissed 65 NY2d 1052.) The Legislature did not provide specifically for the recovery of punitive damages for the unlawful diversion of assets of the statutorily imposed trust, although it did make such misapplication an act of larceny punishable as provided in the Penal Law (Lien Law § 79-a).
The question submitted to the discretion of the court is whether to permit amendment of the complaint to allege a cause of action for punitive damages under the general provision "such other relief as to the court may seem necessary and proper”.
The allegations of the second amended complaint bring the plaintiffs’ claims within the activities which Lien Law § 79-a proscribes. They will be deemed true for the purposes of this motion, that is, for determining the sufficiency of the pleading, to sustain a claim for punitive or exemplary damages. (Guggenheimer v Ginzburg, 43 NY2d 268, 275.)
If the plaintiff proves the allegations of its second amendment, it will have made out a case of flagrant disregard of the trust obligation which article 3-A of the Lien Law imposes *644 upon developers who receive funds to pay for the improvement of their properties. It is clear from the Legislature’s declaring the diversion of such assets to be a serious crime that violation of the trust constitutes punishable tortious conduct. The function of exemplary damages has long been to provide more than compensation to the victim of the tort, but to hold up an example of such outrageous violation of the public policy of the State that punishment may be imposed without the necessity of criminal prosecution. (See, Hamilton v Third Ave. R. R. Co., 53 NY 25, 28.)
Research does not show decisional authority in New York for the principle that punitive damages are recoverable in an action under Lien Law article 3-A. The right to recover such damages, however, has been established in cases of intentional interference with a plaintiffs rights in property for more than a century. (Lamb v Cheney & Son, 227 NY 418, 422; Allaback v Utt, 51 NY 651.) The Legislature provided discretion to the court to authorize such relief as "[s]uch other relief as to the court may seem necessary and proper”. This broad grant of judicial discretion is deemed sufficiently comprehensive to include granting leave to plead claims for punitive damages. This conclusion is reinforced by the Legislature’s making diversion a felony and by the decisional authorities in other jurisdictions. (Great W. Sav. Bank v Easley Co., 778 P2d 569 [Alaska]; Zemon v Lufthansa German Airlines, 699 P2d 1274 [Alaska].) In both of the cited authorities, the Supreme Court of Alaska affirmed judgments for punitive damages where the evidence allowed the jury to find tortious conduct entailing outrageous behavior in misapplying funds entrusted for the payment of construction costs.
The court has noted the decisions in Parkway Windows v River Tower Assocs. (108 AD2d 660) and Brook Shopping Centers v Bass (107 AD2d 615) and has reviewed the holdings of the Court of Appeals in Garrity v Lyle Stuart, Inc. (40 NY2d 354) and Walker v Sheldon (10 NY2d 401). These authorities make clear the principle in New York that punitive damages may be recovered upon allegations of malicious or outrageous tortious conduct when a wrong to the general public is involved, but not for a mere private wrong.
The wrong alleged in the proposed amended complaint was defined by the Legislature as a public wrong when it declared the diversion of statutory trust funds to be "larceny and punishable as provided in the penal law”, upon the conditions stated in Lien Law § 79-a. The public policy which the Legisla *645 ture thus declared removed such diversions from the category of "mere private wrongs” and subjected them to the imposition of punitive damages.
Lillian S. Weigert, Esq. of Gellert & Cutler, P. C. is directed to file a written status report with copies to counsel for all parties with the court on or before July 5, 1990 at 9:30.