■ Owasco River Railway, Inc., Respondent, v State of New York, Appellant. (Claim No. 74489.)—In a claim to recover damages for the appropriation of property, the defendant State of New York appeals, as limited by its brief, from so much of an order of the Court of Claims (Lengyel, J.), entered June 14, 1990, as granted the claimant's motion to compel it to pay a judgment of the same court, dated December 14, 1988, and denied those branches of its cross motion which were to reopen the claim and interplead Wayne Ryder.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the claimant's motion is denied, those branches of the cross motion of the State of New York which were to reopen the claim and interplead Wayne Ryder are granted, and the matter is remitted to the Court of Claims for further proceedings consistent herewith.

Initially, we note that the filing by the State of New York of a Certificate of No Appeal with respect to a judgment dated December 14, 1988, did not bar the State from appealing the subsequent order, since the judgment only determined the amount of an appropriation award and did not determine the rights of the parties to that award.

Turning to the merits, although the Court of Claims has the authority to grant equitable relief incidental to a claim for a money judgment against the State *(see, Psaty v Duryea,* 306 NY 413, 416; *Ames Contr. Co. v City Univ.,* 108 AD2d 609, 611; *Williams Press v State Univ.,* 45 AD2d 397, 403, *revd on other grounds* 37 NY2d 434), "[m]andamus lies to compel performance of a purely ministerial act [only] where there is a clear legal right to the relief sought" *(Matter of Legal Aid Socy. v Scheinman,* 53 NY2d 12, 16; *see also, Klostermann v Cuomo,* 61 NY2d 525, 539).

Here, the claimant did not have "a clear legal right" to the

entire award since there existed a contract vendee, Wayne Ryder, who had an equitable interest in the appropriated property and, thus, an interest in the appropriation award *(see, Holden v Efficient Craftsman Corp.,* 234 NY 437, 440; *Copp v Sands Point Marina,* 17 NY2d 291, 293). Accordingly, the court erred in granting mandamus compelling the Comptroller to pay the judgment.

Furthermore, both the Court of Claims Act and the Eminent Domain Procedure Law provide that if there are any apparent liens or encumbrances on the appropriated property or if there is uncertainty as to how such an appropriation award shall be apportioned, the court shall, upon motion of a party, interplead anyone claiming or imputed to have such a claim or interest *(see,* EDPL 505 [B]; *see also,* Court of Claims Act § 22 [1]). The Court of Claims Act also provides that the court "shall determine the respective interests and rights of the parties to the award * * * and direct to whom the same shall be paid" (Court of Claims Act § 22 [1]).

Therefore, the court should have reopened the trial upon the State's cross motion and interpleaded the contract vendee so as to determine the rights of the parties to the award. Thompson, J. P., Sullivan, Harwood and Balletta, JJ., concur.