■ In the Matter of the Dissolution of HONECKER & LUTTATI, P. C. CAROL M. LUTTATI, Appellant; ERNEST HONECKER, Respondent. [707 NYS2d 86] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered November 23, 1999, which, *inter alia*, dismissed the Business Corporation Law § 1104 petition for judicial dissolution of the subject corporation and denied leave to amend the petition to state a claim under Business Corporation Law § 1104-a, unanimously affirmed, without costs.

Pursuant to the properly confirmed finding of a Special Referee, it was determined that petitioner was only a 30% shareholder in the tax law professional corporation in which respondent was a 70% owner. Accordingly, petitioner did not meet the 50% ownership requirement for bringing a petition for judicial dissolution due to internal dissension under Business Corporation Law § 1104 (a) (3). Leave to amend the petition to state a cause of action for oppressive conduct pursuant to Business Corporation Law § 1104-a, which confers standing to seek dissolution on those possessing a 20% ownership interest in the subject corporation, was properly denied for petitioner's failure to set forth with the requisite particularity the essential facts constituting the purportedly oppressive conduct (*see, Guthartz v City of New York*, 84 AD2d 707, 708, *appeal dismissed* 62 NY2d 632). The original petition focused on irreconcilable differences and animosity, which, while sufficient for a judicial dissolution under section 1104, did not satisfy the conditions of either oppressive conduct or looting set forth in section 1104-a. Concur—Rosenberger, J. P., Nardelli, Tom, Wallach and Saxe, JJ.