Judgment, Supreme Court, New York County (Debra A. James, J.), entered May 18, 2012, in favor of plaintiff in the amount of $51,940.19 brings up for review an order, same court and Justice, entered February 15, 2012, which granted plaintiffs motion for summary judgment, unanimously affirmed, with costs.
In this action for rent due under the parties’ written lease for office space situated in plaintiffs medical office and described as “Office E,” it is undisputed that plaintiff made a prima facie showing of entitlement to judgment as a matter of law on the basis of his affidavit and the lease. In opposition, defendant failed to raise a triable issue of fact. In his answering affidavit, defendant asserts that he could not practice medicine in what he described as “filth and disorder.” However, the lease requires defendant to clean and maintain his portion of the building. Defendant also asserts that “the unavailability of one consultation *459 room and exam room was unacceptable.” This argument is refuted by the lease which did not provide for shared facilities or use of any part of plaintiffs premises other than Office E.
We are not persuaded by defendant’s argument that the lease was rendered ambiguous by three of its provisions: (1) the typical “as is” clause; (2) a provision that “Lessor will not make any repairs or improvements prior to the start of the lease term”; and (3) a handwritten notation that improvements and alterations were to have been “shared equally by lessor and lessee.” These provisions are congruous because neither the handwritten notation nor any other part of the lease required plaintiff to undertake any specified repairs or alterations. Defendant’s proffer of an undated and unsigned wish list of items that included paint, upholstery, carpet and cleaning does not withstand scrutiny in light of the lease’s “entire agreement” provision (see Guthartz v City of New York, 66 AD2d 707 [1st Dept 1978]). Therefore, the motion court correctly rejected defendant’s argument that the handwritten notation was a modification of the “as is” provision. The absence of a triable issue of fact is underscored by defendant’s self-contradictory assertion that “[o]ur understanding was that the condition of the office was in dire need of improvement, and that we would share the cost, but plaintiff never agreed to anything” (emphasis added). Concur—Andrias, J.P., Friedman, DeGrasse, Roman and Gische, JJ.