■ HENRY F. CARTER, Doing Business as CARTER REAL ESTATE, Appellant, v. CAROLYN S. KOZARESKI, Individually and as Executrix of LEO J. KOZARESKI, Deceased, Respondent.— In an action by a real estate broker to recover a commission, plaintiff appeals from (1) an order of the Supreme Court, Rockland County, dated June 29, 1971, which denied his motion to set aside a jury verdict in favor of defendant and for judgment in plaintiff's favor or for a new trial and (2) a judgment of the same court, entered August 13, 1971 in favor of defendant upon the verdict. Judgment reversed, on the law, and new trial granted. Order affirmed insofar as it denied judgment in favor of plaintiff. Appeal dismissed insofar as it is from the denial of the remainder of plaintiff's said motion, as academic in view of the decision herein on the appeal from the

judgment. Appellant is awarded a single bill of costs to abide the event of the new trial. Upon the trial, plaintiff offered in evidence a copy of a complaint verified by defendant (as plaintiff) in another action, but the trial court excluded it. That complaint contained allegations by defendant in the present action that she had entered into a contract to sell the real property in question to the six named prospective purchasers whom plaintiff testified in this action he had obtained at defendant's request. The complaint in the other action became an informal judicial admission in the present action and thus was admissible, without foundation being laid, as evidence of the facts admitted (Richardson, Evidence [9th ed.], §§ 287, 291, 294, 295, and cases there cited). We find that the exclusion of that complaint constituted substantial error which requires a new trial. Hopkins, Acting P. J., Latham, Shapiro, Gulotta and Benjamin, JJ., concur.