■ MYRON S. LEWIS, as Coexecutor of PAUL P. DOSBERG, Deceased, Appellant, v IRVING LEVICK et al., Respondents. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Petitioner appeals from an order which granted respondents' motion to produce documents and to take a deposition and which denied petitioner's motion for summary judgment to recover possession of certain residential premises and to strike respondents' defenses, counterclaims and demand for jury trial. Petitioner argues that since respondents were parties in a lawsuit in Federal court for the collection of rent and a default judgment was taken against them, they should be collaterally estopped from raising any defenses to the present dispossess proceeding. Petitioner in the present action raises the defenses of constructive trust and oral mortgage. The Court of Appeals has recently instructed that the fair application of collateral estoppel requires a practical inquiry into the "realities" of the prior litigation (*Gilberg v Barbieri,* 53 NY2d 285, 292). Since the Federal action was for money only, petitioner never had a full and fair opportunity to raise the issue of equitable ownership of the property and should not now be foreclosed from presenting evidence at trial on that issue (see *Kraemer v McGowan,* 89 AD2d 763; *Batavia Kill Watershed Dist. v Charles O. Desch, Inc.,* 83 AD2d 97, affd 57 NY2d 796). Respondents waived their right to a jury trial by raising equitable defenses and counterclaims which must be tried by the court (CPLR 4101, 103, subd [b]). The Real Property Actions and Proceedings Law does not specifically grant the right to jury trial on equitable issues (see RPAPL 743, 745). We have considered petitioner's other arguments and find them without merit. Therefore, the order is modified by granting petitioner's motion to strike respondents' demand for a jury trial and is otherwise affirmed. (Appeal from order of Supreme Court, Erie County, Kramer, J. — summary judgment — discovery.) Present — Dillon, P. J., Boomer, Green, O'Donnell and Schnepp, JJ.

■ HILDA EARLE, Appellant, v NORTH SIDE IMPROVEMENT LEAGUE, INC., Respondent. — Order and judgment unanimously affirmed, without costs, for reasons stated at Trial term, Inglehart, J. (Appeal from order and judgment of Supreme Court, Jefferson County, Inglehart, J. — dismiss complaint — injunction.) Present — Dillon, P. J., Boomer, Green, O'Donnell and Schnepp, JJ.