■ Pok Rye Kim et al., Respondents, v Mars Cup Co., Inc., et al., Defendants, and Young Development Corporation, Appellant. — In an action to recover damages for personal injuries, etc., defendant Young Development Corporation (hereinafter Young) appeals as limited by its brief, from so much of a judgment and order (one paper) of the Supreme Court, Suffolk County (Gerard, J.), dated April 26, 1984, as denied its cross motion for summary judgment dismissing the complaint as against it. Appellant's notice of appeal from a memorandum decision of the same court, dated May 18, 1983, is deemed a premature notice of appeal from the judgment and order dated April 26, 1984 (see CPLR 5520, subd [c]). ¶ Judgment and order reversed insofar as appealed from, on the law, without costs or disbursements, cross motion granted, and the complaint dismissed as against defendant Young. ¶ In opposing a motion made by the defendant Mars Cup Co., Inc. (hereinafter Mars) for summary judgment, counsel for plaintiff admitted, in effect, that the allegations of the complaint asserted against appellant Young were untrue and that the proximate cause of his client's injury, discovered after investigation, was solely the act or acts of the defendant Mars, to the exclusion of any possible defect in the machine with which plaintiff Pok Rye Kim was working at the time she was injured and to the exclusion of any act or omission of the defendant Young. Such statement totally exculpated defendant Young of any fault herein and constituted a judicial admission binding on the plaintiffs (Richardson, Evidence [Prince, 10th ed], §§ 209, 215) by establishing that the proximate cause of the plaintiff Pok Rye Kim's injury resulted from tampering with the machine by her employer after it left the manufacturer's possession and after it was installed on defendant Mars' premises. Such being the case, and absent any evidentiary showing in plaintiffs' papers in opposition to Young's cross motion for summary judgment dismissing the complaint as to it that there was any merit to their claim that the machine in question was defectively manufactured and that such defect was the proximate cause of Pok Rye Kim's injury, Special Term erred in denying the cross motion (see *Robinson v Reed-Prentice Div.,* 49 NY2d 471, 475, 479-480). Thompson, J. P., Weinstein, Rubin and Lawrence, JJ., concur.