■ WAYSIDE HOMES, INC., Appellant, v FELICIA PURCELLI et al., Respondents. — In an action for a declaratory judgment, plaintiff appeals from a judgment of the Supreme Court, Nassau County (Harwood, J.), entered April 20, 1983, which, *inter alia,* declared that it had failed to timely exercise its option to extend or renew a lease and was not entitled to be relieved from such failure.

Judgment affirmed, with costs.

The 20-year lease herein, dated May 2, 1950, granted to plaintiff lessee three successive renewal options of 10-year periods (each with a stated increased rental) on condition that it give the lessor at least six months' notice by registered mail of the exercise of each option. The provisions of the lease and other relevant documents were such as created an ambiguity as to whether the inception dates of the succeeding 10-year terms were May 1, 1970, 1980, and 1990 or November 1, 1970, 1980 and 1990. As to the first renewal period, plaintiff gave notice on May 7, 1969 of the exercise of its option "to extend [the] lease for a period of ten (10) years from the 1st day of May, 1970 to the 30th day of April, 1980", and plaintiff paid the increased rental as of May 1, 1970. As to the second renewal period, plaintiff gave notice, by certified letter bearing the date December 7, 1979, of the exercise of its option "to extend [the] lease for a period of ten (10) years from the 1st day of May, 1980 to the 30th day of April, 1990". Nevertheless, plaintiff admits, and the postmark of the envelope containing the notice reveals, that the letter was mailed on March 7, 1980. By letter dated March 8, 1980, the conservators of the surviving lessor's estate notified plaintiff that they were rejecting the exercise of the option as untimely. Thereupon, plaintiff instituted the instant action seeking a declaration that the option to renew had been properly and timely exercised.

We agree with the trial court that the conduct of the parties after the execution of the lease, "particularly that of plaintiff, makes clear that the parties either originally intended the term

to run from May 1st to April 30th or modified the lease by conduct to make it so" (see *Martin v Peyton,* 246 NY 213, 218; cf. *Beacon Term. Corp. v Chemprene, Inc.,* 75 AD2d 350, 354). Hence, the attempted exercise of the option to renew, mailed on March 7, 1980, for the 10-year period beginning May 1, 1980, was properly rejected as untimely. We also agree with the trial court that this is not an instance where equity should intervene to relieve plaintiff from its failure to timely act. Not only has plaintiff failed to present credible proof that strict adherence to the requirement of timely exercise of the second option to renew (from the 30th to the 40th year of occupancy) would constitute a forfeiture (cf. *J.N.A. Realty Corp. v Cross Bay Chelsea,* 42 NY2d 392; *United States v Kaplan,* 96 AD2d 232), but the record reveals that by far the major costs of the improvements made by plaintiff were incurred during the first year of its 30-year occupancy, and plaintiff has long since reaped the benefit of any initial expenditure (cf. *J.N.A. Realty Corp. v Cross Bay Chelsea, supra*).

We have considered plaintiff's other arguments and find them to be without merit. Mangano, J. P., O'Connor, Boyers and Eiber, JJ., concur.