■ JOSEPH ST. ANDREWS, Respondent, v JOSEPH LUCARELLI et al., Appellants. (And a Third-Party Action.)—Mahoney, P. J. Appeal from that part of an order of the Supreme Court at Special Term (Dier, J.), entered January 29, 1985 in Schenectady County, which denied defendants' motions for summary judgment dismissing the complaint.

Plaintiff was employed by Bellevue Builders Supply, Inc., as a truck driver and laborer when, on January 3, 1977, he was injured when a stack of lumber collapsed on him as he was picking up a unit of wood trusses for delivery. Defendant Joseph Lucarelli was president and director of Bellevue and defendant Rita Empie, his sister, was employed by that corporation. Defendants were also allegedly the owners of the land on which the accident occurred. Plaintiff commenced this action against defendants alleging negligence and breach of the duty imposed by Labor Law § 241 to provide a safe worksite. After issue was joined, defendants each moved, *inter alia,* for summary judgment dismissing the complaint. Such motions were denied and this appeal by defendants ensued.

Workers' Compensation Law § 29 (6) makes compensation the exclusive remedy of an employee injured "by the negligence or wrong of another in the same employ". Here, defendant Lucarelli was president and director of Bellevue and defendant Empie was concededly an employee of that corporation. They were also alleged to be the owners of the land on which the injury occurred. Labor Law § 241 was not intended to overrule or supersede Workers' Compensation Law § 29 (6) *(Bardere v Zafir,* 102 AD2d 422, 423, *affd* 63 NY2d 850). In *Heritage v Van Patten* (59 NY2d 1017, *affg* 90 AD2d 936), the Court of Appeals affirmed this court's disposition of a similar case. There, as here, the defendant was president and director of the employer corporation and owner of the land on which the injury occurred. In *Heritage,* it was held that workers' compensation was the sole remedy against the defendant. Similarly, in this case, the alleged status of defendants as landowners does not operate to supersede the provisions of Workers' Compensation Law § 29 (6). The complaint must be dismissed on the ground that plaintiff's exclusive remedy with regard to defendants is provided by the Workers' Compensation Law. We reach no other issue.

Order modified, on the law, with one bill of costs, by reversing so much thereof as denied defendants' motions for summary judgment dismissing the complaint; motions granted and complaint dismissed; and, as so modified, affirmed. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Harvey, JJ., concur.