In the Matter of HOME OF HISTADRUTH IVRITH, INC., Appellant, v STATE OF NEW YORK FACILITIES DEVELOPMENT CORPORATION et al., Respondents.

Third Department, February 6, 1986

## APPEARANCES OF COUNSEL

*McClung, Peters, Simon & Arensberg (Lawrence E. Becker* and *Susan F. Weber* of counsel), for appellant.

*Robert Abrams, Attorney-General (Denise A. Hartman* and *William J. Kogan* of counsel), for respondents.

**OPINION OF THE COURT**

LEVINE, J.

In November 1976, petitioner, as landlord, entered into a lease of premises on West 16th Street in the City of New York. The lease designated "The People of the State of New York, acting by and through the Facilities Development Corporation [FDC], pursuant to the Mental Hygiene Law", as tenant. The lease provided for extensive rehabilitation of the premises and was for a term of five years, to commence on the date of completion of construction and acceptance by respondent FDC. The instrument contained a renewal clause for an additional five-year term, but required notice of renewal to be given three months in advance of the commencement of the renewal term. The lease went into effect on August 1, 1977, after renovations costing in excess of $87,000 were completed at the tenant's expense. Concededly, under the terms of the lease, the notice of renewal had to be given by April 30, 1982, but no such notice was sent by FDC until July 28, 1982, only a matter of days before expiration of the original term. Petitioner rejected the renewal notice as untimely. The tenant, who had subleased the premises to a private agency operating a residential treatment facility there for mentally retarded adults, refused to vacate at the end of the term.

After unsuccessful negotiations regarding new terms for renewal at a higher rental, petitioner commenced an eviction proceeding in the Civil Court of the City of New York under RPAPL article 7, naming as party respondent the tenant as designated in the lease. The respondent in that proceeding moved to dismiss the petition for lack of subject matter jurisdiction. In the supporting affidavit of an Assistant Attorney-General, McKinney's Unconsolidated Laws of NY § 4412 (1) (Facilities Development Corporation Act § 12 [1] [L 1968, ch 359, § 1, as amended]) was invoked, conferring exclusive jurisdiction on the Supreme Court for all actions against or involving FDC. The affidavit averred that FDC was the actual respondent and true tenant under the lease. Civil Court dismissed the petition for lack of subject matter jurisdiction.

Thereupon, petitioner commenced a proceeding in Supreme Court, New York County, to dispossess and for holdover damages against "The People of the State of New York", omitting FDC from the caption. Again, a motion to dismiss was made, this time on the basis of improper venue. The same Assistant Attorney-General who had appeared in the prior

eviction proceeding submitted a supporting affidavit citing the provision of Unconsolidated Laws § 4412 (1) under which all actions *against* FDC must be brought in Albany County. The Assistant Attorney-General averred that, although FDC was not formally named as a party respondent, it was the actual tenant in possession and, as such, was the "real party in interest" in that eviction proceeding; hence, the proceeding was improperly venued. Supreme Court, New York County, agreed and granted the motion to dismiss without prejudice to the commencement of another proceeding against FDC in Albany County.

Following the dismissal of the proceeding in Supreme Court, New York County, the instant proceeding was commenced in Albany County to evict FDC and for holdover damages. In its answer, FDC denied being the tenant and claimed that it acted only as the disclosed agent for the State Office of Mental Retardation and Developmental Disabilities (OMRDD) in executing the lease. FDC then moved to dismiss on the grounds that it was not a proper party and for the failure to join OMRDD as a necessary party. Special Term stayed consideration of the motion to enable petitioner to join OMRDD. Petitioner then filed an amended petition adding OMRDD as a party. In its answer, OMRDD alleged that FDC acted only as its agent, further asserted that the court lacked jurisdiction over any claim for money damages against it, as a governmental unit of the State, and interposed an affirmative defense to the eviction seeking equitable relief from strict adherence to the time requirement of the renewal clause of the lease. Cross motions for summary judgment were then made by petitioner, FDC and OMRDD.

In its decision on the cross motions, Special Term found that OMRDD, and not FDC, was the true tenant and proper party to the eviction proceeding and that FDC was nothing more than the disclosed agent of OMRDD under the lease. Accordingly, the court dismissed all claims against FDC. As to petitioner's claims for holdover damages, since OMRDD admittedly is a State governmental unit, Special Term held that petitioner was relegated to an action in the Court of Claims and, therefore, dismissed that cause of action. The court also held that FDC and OMRDD had established a basis for being relieved from strict compliance with the time requirement for renewal of the lease under their equitable defense. However, it further held that a triable issue of fact had been presented concerning petitioner's claim to have been prejudiced by the

delay in renewal and, therefore, the court referred the proceeding to Trial Term for a resolution of that issue. This appeal by petitioner then ensued.

The first issue to be addressed is whether Special Term erred in dismissing all claims against FDC by concluding that, as a matter of law, FDC was the disclosed agent of OMRDD, its principal and the actual tenant. Petitioner contends that, under the doctrine of collateral estoppel, the dismissals of the prior eviction proceedings in the New York City Civil Court and in Supreme Court, New York County, conclusively established that FDC was the true tenant and, therefore, FDC was precluded from relitigating that issue in the present proceeding. Two requirements must be satisfied before collateral estoppel may be properly invoked. "First, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded * * * must have had a full and fair opportunity to contest the prior determination" (Kaufman v Lilly & Co., 65 NY2d 449, 455).

■ Petitioner's argument regarding the preclusive effect of the dismissal of the New York City Civil Court eviction proceeding fails under the first of the foregoing requirements. The dismissal of that proceeding was for lack of subject matter jurisdiction by reason of the statutory provision giving the Supreme Court exclusive jurisdiction in any proceeding brought "against or involving" FDC (Uncons Laws § 4412 [1]; emphasis supplied). Since that eviction proceeding involved FDC, even if only as the disclosed agent for OMRDD, the actual tenant, dismissal in Civil Court was required without necessarily adjudicating the status of FDC as either tenant or agent for the tenant. However, FDC clearly appeared as the party respondent in the Civil Court proceeding and was represented as such by the Attorney-General. In the affidavit by the Assistant Attorney-General in support of the motion to dismiss, it was expressly averred that FDC was "the proper party in interest and tenant". This constituted an informal judicial admission on FDC's behalf of its status as tenant, which was admissible in the present proceeding without foundation being laid as evidence of the facts admitted (see, Carter v Kozareski, 39 AD2d 703, 704, appeal dismissed 31 NY2d 779; 9 Wigmore, Evidence § 2594, at 833 [Chadbourn rev]). FDC's admission in the Civil Court eviction proceeding thus in and of itself created an issue of fact on the identity of the actual tenant

under the lease, which prevented Special Term from granting summary judgment dismissing all claims against FDC.

Regarding the collateral estoppel effect on the issue of FDC's status as tenant from the dismissal of petitioner's second eviction proceeding in Supreme Court, New York County, analysis of the basis of that dismissal shows that petitioner satisfied the first prong of the *Kaufman* test. Supreme Court, New York County, dismissed the eviction proceeding because of improper venue under the statutory provision that the "venue of any * * * proceeding brought *against* [FDC] shall be laid in the county of Albany" (Uncons Laws § 4412 [1]; emphasis supplied). The court reasoned that, as the true tenant "statutorily charged with possession", FDC was the only proper party in that eviction proceeding and, hence, the proceeding could only be venued in Albany County. Since it was only because of FDC's status as tenant in possession that dismissal of the proceeding in Supreme Court, New York County, was required on venue grounds, the final determination of the eviction proceeding in that court *necessarily* determined FDC's status as such.

A more difficult question is presented regarding whether the dismissal of the Supreme Court, New York County, proceeding meets the second of the requirements under *Kaufman (supra)* for application of collateral estoppel. Since FDC was not formally a party respondent to that dispossession proceeding, it attempts to avoid preclusion on the ground that it lacked a full, fair opportunity to litigate its status therein. However, the general doctrine of res judicata (and hence, of collateral estoppel) applies not only to preclude parties of record to the prior action, but also those in privity with them *(Matter of Shea,* 309 NY 605, 616). In *Watts v Swiss Bank Corp.* (27 NY2d 270, 277), New York adopted the criteria for privity of the Restatement of Judgments (§§ 81-90), under which, *inter alia,* persons are bound if they had exercised control of the former action or whose interests were represented in the former action. "[A]ll the circumstances must be considered from which one may infer whether or not there was participation amounting to a share in control of the [prior] litigation" *(Watts v Swiss Bank Corp., supra,* p 277).

In our view, the circumstances established by the record and the statutory relationship between FDC and OMRDD clearly justify binding FDC to the determination of its status as tenant as a result of the dismissal of the eviction proceeding in Supreme Court, New York County. The Assistant

Attorney-General who represented the State in that proceeding was the same Assistant Attorney-General who appeared on behalf of FDC in the earlier proceeding in Civil Court. In the proceeding in Supreme Court, New York County, that Assistant Attorney-General took an identical position both as to jurisdiction and in defense of petitioner's damage claims, asserting in both cases that holdover rent was not payable until petitioner remitted rent vouchers *to FDC.* Documentary evidence in the record further establishes that, spanning the entire period of this dispute, FDC participated in negotiations with petitioner regarding settlement, renewal of the lease on different terms and repairs to the subject premises, and also participated in the internal decision-making process concerning the dispute by the involved State agencies. Finally, although for other unrelated purposes a public benefit corporation such as FDC may be considered independent of the State *(see, Grace & Co. v State Univ. Constr. Fund,* 44 NY2d 84, 89), the entire statutory framework under which FDC was created and functions *(see,* Uncons Laws §§ 4401-4417; Mental Hygiene Law §§ 5.09, 7.11 [c]) so intertwines the roles and responsibilities of FDC and OMRDD in matters concerning the leasing of facilities such as petitioner's that the existence of mutuality of interest, control and representation between FDC and the State (through OMRDD) in the second eviction proceeding is an inescapable conclusion. Consequently, FDC fairly should be bound by the factual determination of its status as tenant in the prior eviction proceeding in Supreme Court, New York County, and Special Term erred in dismissing FDC from the instant proceeding.

■ The remaining issue is whether Special Term properly denied petitioner's cross motion for summary judgment. This concerns the sufficiency of respondents' affirmative defense seeking equitable relief from the time requirement of the lease's renewal clause. The ground alleged for that relief is that strict adherence to that requirement would result in a forfeiture of the value of the substantial improvements to the leased premises made by the tenant and would work a substantial hardship through dispossession of the mentally disabled residents of the facility operated on behalf of OMRDD at the leased premises. Equity can excuse a tenant from the untimely exercise of an option if a forfeiture would result and the landlord would suffer no prejudice thereby *(J.N.A. Realty Corp. v Cross Bay Chelsea,* 42 NY2d 392, 398-399). Such

forfeiture justifying equitable relief may consist in the resultant loss of the value of the tenant's substantial improvements to the premises *(supra)* or other forms of hardship, such as the tenant's loss of good will established at the location during the initial term *(Grunberg v George Assoc.,* 104 AD2d 745, 746) or extreme disruption of the tenant's professional practice *(Blumenthal v 162 E. 80th Tenants,* 88 AD2d 871, 872, *appeal withdrawn* 57 NY2d 682). Therefore, respondents' affirmative defense is facially viable. Special Term correctly found that a triable issue existed as to whether petitioner in fact lost a prospective sale of the leased property as the result of the tenant's delay in exercising the renewal option and hence, suffered prejudice which would defeat respondents' claim for equitable relief *(see, J.N.A. Realty Corp. v Cross Bay Chelsea, supra,* p 400). However, we are of the view that there existed as well triable issues concerning all aspects of respondents' equitable defense, including whether, in fact, a substantial forfeiture of the tenant's improvements would result from not permitting renewal *(cf. Wayside Homes v Purcelli,* 104 AD2d 650, 651, *lv denied* 64 NY2d 602), whether the claimed hardship to the disabled residents of the facilities was or is avoidable and whether respondents are not entitled to equitable relief by application of the clean hands doctrine *(see, Levy v Braverman,* 24 AD2d 430). Consequently, remittal for the purpose of trial of all factual issues involved in respondents' affirmative defense is required.

In view of the inordinate delay in resolving this dispute over possession of petitioner's premises, now approaching four years since the expiration of the initial term of the lease, we exercise our discretion in ordering an immediate trial of respondents' equitable defense (CPLR 3212 [c]), noting also that respondents, in asserting that defense, have effectively waived their right to a jury trial *(see, Lewis v Levick,* 99 AD2d 659).

MAIN, J. P., WEISS, MIKOLL and YESAWICH, JR., JJ., concur.

Order and judgment modified, on the law, with costs to abide the event, by reversing the dismissal of all claims against respondent Facilities Development Corporation and remitting the matter for immediate trial of respondents' affirmative defense in accordance herewith, and, as so modified, affirmed.