(December 3, 1991)

1 CLINTON JOHNSON, Respondent, v EATON CORPORATION et al., Respondents, GENERAL FORKLIFT CO., INC., Sued Herein as GENERAL FORK LIFT CO., INC., Respondent and Third-Party Plaintiff-Respondent, and WARREN STIEGLITZ, Appellant. MIDWAY ELECTRIC SUPPLY COMPANY, Third-Party Defendant-Respondent.—Order of the Supreme Court, New York County (Carmen Ciparick, J.), entered March 1, 1991, which denied the motion of defendant Warren Stieglitz to renew and reargue his motion for summary judgment dismissing plaintiff's complaint and all cross-claims against him on the ground that they are barred by section 29 of the Workers' Compensation Law, unanimously modified, without costs, on the law and the facts and in the exercise of discretion, to the extent of granting the motion to renew and, upon renewal, granting so much of the motion as seeks dismissal of the complaint against defendant Stieglitz and, further, granting defendant Stieglitz leave to renew his application for dismissal of the cross-claims upon proper papers which shall include a copy of the pleadings of codefendants Eaton Corporation and Yale Materials Handling Corporation.

Plaintiff was injured while operating a forklift in the employ of third-party defendant Midway Electric Supply Company. He brought suit against the manufacturers of the forklift, defendants Eaton and Yale, the companies which serviced the equipment and defendant Warren Stieglitz, as owner of the premises who, the complaint alleges, allowed a dangerous ramp to be maintained upon his property. In his answer, Stieglitz interposed a defense that the action against him is barred by the Workers' Compensation Law. In his original motion for summary judgment, brought in June 1990, Stieglitz submitted a sworn affidavit stating that he is the owner of the

premises as well as the president and chief executive officer of Midway and, thus, "a co-employee" of plaintiff whose exclusive remedy is compensation pursuant to Workers' Compensation Law § 29 (6). In his pleadings, plaintiff conceded movant's capacity as president of Midway but asserted an independent basis for recovery based upon Stieglitz's ownership of the premises where Midway conducts its operations and the presence of a dangerous condition upon those premises. Plaintiff contended that the nature of the ownership of the property (whether sole or joint) was unknown because Stieglitz had not appeared for deposition. Supreme Court denied the motion for summary judgment, ruling that plaintiff's inability to refute facts known solely to Stieglitz should not be held against plaintiff in deciding the motion.

In November 1990, Stieglitz moved for "reargument/renewal" and attached to his pleadings a copy of a check made out to him by Midway together with a deed showing him to be the owner of the subject premises. Supreme Court characterized the motion as one to renew, noted that Stieglitz had failed to provide any explanation for his failure to present evidence which was clearly available at the time of his prior motion and, without addressing the merits, denied leave to renew.

In view of the public policy reflected in the Workers' Compensation Law that it shall constitute an exclusive remedy (§§ 11, 29 [6]; *Burlew v American Mut. Ins. Co.,* 63 NY2d 412, 416; *Owens v Hirth,* 166 AD2d 244), we view the court's exercise of discretion as improvident. As the Court of Appeals noted in *Heritage v Van Patten* (59 NY2d 1017), ownership of the property is immaterial where the defendant is a coemployee with the plaintiff. *Billy v Consolidated Mach. Tool Corp.* (51 NY2d 152) is not to the contrary, holding only that where an employer has assumed the liability, by contract or operation of law, of a *third-party* tortfeasor, the Workers' Compensation Law will not operate as a bar to a common law tort action. In that decision, the court was careful to point out that actions predicated upon a defendant's dual capacity as employer and landowner have been "squarely rejected" in this State (51 NY2d 152, 159, *supra*). Concur—Murphy, P. J., Rosenberger, Ellerin, Ross and Rubin, JJ.