OPINION OF THE COURT
Loren N. Brown, J.
The plaintiff alleges in her complaint that, on February 4, 1989, she slipped on ice and fell as she was leaving her place of employment and broke her ankle. At the time she was employed by Staff, Maikels and Ciampino, P. C., an accounting firm. Defendant Staff is the president of Staff, Maikels and Ciampino, P. C., and owns the property on which the accident *110 occurred, a parking lot. The property includes an office complex which houses at least seven commercial tenants. The defendant controls maintenance of the building and parking lot. As a result of the injury, the plaintiff sought and obtained workers’ compensation benefits from her employer. This action is premised upon the defendant’s alleged common-law duty as owner and landlord to safely maintain his premises.
The defendant has moved for an order dismissing the action on the grounds that it is barred by the exclusivity of section 29 (6) of the Workers’ Compensation Law. The plaintiff has cross-moved for an order dismissing the third affirmative defense which alleges that the action is barred by the exclusivity provisions of the law.
Initially, the court finds no merit to any claim, based upon Maines v Cronomer Val. Fire Dept. (50 NY2d 535), that the plaintiff was not injured in the course of her employment. An employee injured arriving at, or leaving from, his or her place of employment is on the employer’s business. (Sicktish v Vulcan Indus., 33 AD2d 975; Doyle v Jennings, 26 NY2d 957; Matter of Neely v G. W. Morrison, Inc., 79 AD2d 803; Matter of Brooks v New York Tel. Co., 87 AD2d 701.) Maines (supra), concerning a celebratory hazing of a promoted coemployee, is clearly distinguishable.
With a finding that the plaintiff was within the course of her employment, the court must now address the issue of whether section 29 (6) excludes suit against Staff.
Section 29 (6) of the Workers’ Compensation Law provides that: "The right to compensation or benefits under [the Workers’ Compensation Law], shall be the exclusive remedy to an employee, or in case of death his dependents, when such employee is injured or killed by the negligence or wrong of another in the same employ”. Both Staff, as its president, and the plaintiff are coemployees of the accounting firm, and, by the clear terms of the statute, the plaintiff’s remedy would appear to lie exclusively in the Workers’ Compensation Law.
The plaintiff, however, persuasively argues that the defendant is not being sued as a coemployee, but in his capacity as the owner of the premises. She contends that, as a landlord, he owes a duty independent of the provisions of the Workers’ Compensation Law. Resort to precedent does not settle the issue. Appellate courts have rigidly applied section 29 (6) to coemployee situations, even though one coemployee controls the employing business, and owns the premises. (Williams v *111 Hartshorn, 296 NY 49; St. Andrews v Lucarelli, 115 AD2d 155; Heritage v Van Patten, 90 AD2d 936, affd 59 NY2d 1017.) General principles of liability of an owner, extant in other contexts, have been negated by section 29 (6) when the owner is also a coemployee. Section 29 (6) would generally bar recovery sought pursuant to sections 240 and 241 of the Labor Law, the context of St. Andrews and Heritage, and recovery under common-law tort principles, the situation presented in Williams (supra). This case, however, presents an element not ordinarily found in the cases involving coemployees. The defendant here is not merely a coemployee of one business entity. He is pursuing two separate and distinct business ventures, one an accounting firm, and the other a commercial real estate venture in his own name. The defendant is more than a coemployee owning the building housing the business which employs him, as in the Heritage context. He is the owner of a large commercial building in which the accounting firm is one of many tenants. It is this duality that distinguishes this case from the precedent cited and creates a duty to the plaintiff founded in common law. The defendant may not be permitted to insulate assets by resorting to the Labor Law. (See, Heritage v Van Patten, 59 NY2d, supra, at 1019-1020 [Cooke, Ch. J., dissenting].)
The motion for summary judgment dismissing the complaint is denied.