■ MARIA CUSANO, Respondent, v MICHAEL T. STAFF, Appellant. [595 NYS2d 248] —Levine, J. Appeal from an order of the Supreme Court (Brown, J.), entered May 7, 1992 in Saratoga County, which denied defendant's motion for summary judgment dismissing the complaint.

The facts pertinent to this appeal are essentially undisputed. Plaintiff was employed as a secretary in a professional corporation of certified public accountants which leased office space in a building known as 8-10 Colvin Avenue in the City of Albany. This action is against the owner of 8-10 Colvin Avenue for injuries plaintiff sustained in February 1989 from a fall in the parking area of the property, allegedly due to a dangerous condition of ice and snow defendant negligently caused or failed to correct. In addition to being the owner of the property, defendant was the principal stockholder and managing officer of the professional corporation employing plaintiff.

After joinder of issue and pretrial discovery was had, defendant moved for summary judgment dismissing the complaint on the ground that he was a coemployee of plaintiff and, as such, was immune from a civil damage action by her pursuant to Workers' Compensation Law § 29 (6), as a matter of law. Supreme Court denied defendant's motion, concluding that the alleged tortious conduct of defendant was purely in his capacity as owner of the commercial rental property where the accident occurred and not as plaintiff's coemployee in the accounting firm occupying a portion of the building on that property, which was not at all involved in the accident. This appeal by defendant followed.

Defendant contends that Supreme Court erred in applying an obsolete dual capacity doctrine differentiating between a tortfeasor's status as a property owner and the tortfeasor's

status as a coemployee. Defendant points out that the dual capacity doctrine has been expressly rejected in New York as to torts committed against employees by employers/owners of real property *(see, Billy v Consolidated Mach. Tool Corp.,* 51 NY2d 152, 158-159; *Williams v Hartshorn,* 296 NY 49, 50-51; *Winter v Doelger Brewing Co.,* 175 App Div 796, *affd* 226 NY 581).* Defendant argues that the dual capacity doctrine has also been rejected for torts committed by coemployees/owners of real property under the holding in *Heritage v Van Patten* (90 AD2d 936, 937, *affd* 59 NY2d 1017) and the cases that have followed it *(see, Johnson v Eaton Corp.,* 178 AD2d 101, 102; *Caceras v Zorbas,* 148 AD2d 339, *affd* 74 NY2d 884; *St. Andrews v Lucarelli,* 115 AD2d 155; *Lindner v Kew Realty Co.,* 113 AD2d 36).

In our view, defendant reads too broadly the holdings of this Court and the Court of Appeals in *Heritage v Van Patten (supra)* and the cases that have followed. It has consistently been held that the immunity from civil liability under Workers' Compensation Law § 29 (6) for a tort committed by the victim's coemployee is limited to acts or omissions of the tortfeasor within the scope of his or her employment *(see, Maines v Cronomer Val. Fire Dept.,* 50 NY2d 535, 544-545; *LeFever v Stultz,* 93 AD2d 794; 2A Larson, Workmen's Compensation § 72.23). Coemployee immunity is only justified when the tortfeasor's conduct is within the course of employment; otherwise, the coemployee's employment status is unconnected to the risk of injury to the fellow-worker from an industrial accident (2A Larson, Workmen's Compensation § 72.23). Nothing in *Heritage v Van Patten (supra)* or the cases following it is inconsistent with the foregoing requirement for according coemployee immunity. In each case, the defendant was the chief executive officer of the plaintiff's corporate employer and the injury to the plaintiff occurred at a worksite controlled by the employer *(see, supra; see also, Lindner v Kew Realty Co., supra)* or at the employer's premises that was actually the plaintiff's workplace *(see, Johnson v Eaton Corp., supra; Caceras v Zorbas, supra; St. Andrews v Lucarelli, supra).* Thus, in each case, the plaintiff's corporate employer owed a common-law duty of providing the plaintiff with a safe place to work at the time and place the accident occurred *(see, Gasper v Ford Motor Co.,* 13 NY2d 104, 110). Moreover, in each case, as the chief executive officer of the corporate employer, the defendant was chargeable with the ultimate responsibility for the proper execution of the employer's safety measures. Thus, in *Heritage v Van Patten (supra)* and each of

the cited cases following it the defendant had indistinguishable responsibilities, as an executive employee and as a property owner, for safety precautions to avoid the plaintiff's injury *(see, Lindner v Kew Realty Co., supra,* at 44). Moreover, the defendant's status or function as a coemployee *was* connected with the plaintiff's risk of having an industrial accident *(see,* 2A Larson, Workmen's Compensation § 72.23).

By contrast, in the instant case plaintiff's accident did not occur on her employer's premises, but in a common parking area as to which plaintiff's employer had no rights other than to use a designated number of parking spaces. A tenant such as plaintiff's employer, without possession or a right to maintain or control a common parking area, owes no duty of care for any unsafe condition existing there *(see, Turrisi v Ponderosa, Inc.,* 179 AD2d 956, 957; *McGill v Caldors, Inc.,* 135 AD2d 1041, 1043). Likewise, the duty of providing a safe place to work may not be imposed absent some right of control at the accident site enabling the defendant to avoid or correct an unsafe condition *(see, Russin v Picciano & Son,* 54 NY2d 311, 317). It follows from the foregoing that defendant's duty of care toward plaintiff was owed purely in his capacity as owner of the property at the accident site, and not at all as a coemployee. Thus, Supreme Court properly concluded that the statutory immunity of a coemployee tortfeasor under Workers' Compensation Law § 29 (6) did not apply.

Weiss, P. J., Mercure, Mahoney and Harvey, JJ., concur. Ordered that the order is affirmed, with costs. *[See,* 154 Misc 2d 109.]