■ Steven Connell, Appellant, v Gilbert O. Brink, Respondent. (Appeal No. 1.) [606 NYS2d 492] —Order unanimously reversed on the law without costs, motion denied and complaint reinstated. Memorandum: Supreme Court should have denied defendant's motion for summary judgment dismissing the complaint. Defendant failed to establish, as a matter of law, that plaintiff's negligence cause of action against him, a coemployee, is barred by the exclusivity provisions of Workers' Compensation Law § 29 (6). To have the protection of that statute, a defendant must himself have been in the course of his employment at the time of the injury *(see, Maines v Cronomer Val. Fire Dept.,* 50 NY2d 535, 543). The record establishes that defendant left his office at the State University of New York at Buffalo Amherst and was en route to his home when his car struck plaintiff. We are unable to conclude, as a matter of law, whether, at the time of the accident, defendant was acting in the course of his employment within the meaning of the Workers' Compensation Law *(cf., Manzoni v Hoffarth,* 134 AD2d 838, 839). (Appeal from Order of Supreme Court, Erie County, Francis, J.—Summary Judgment.) Present—Green, J. P., Balio, Lawton, Fallon and Davis, JJ.

■ Steven Connell, Appellant, v Gilbert O. Brink, Respondent. (Appeal No. 2.) [606 NYS2d 493] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly settled the record to include a map that purported to depict the north campus side of the University of Buffalo because that map was considered by the court in determining defendant's motion for summary judgment *(see,* CPLR 5526). That map, however, which was concededly prepared after the accident, did not constitute the tender of "evidentiary proof in admissible form" *(Zuckerman v City of New York,* 49 NY2d 557, 562; *cf., Collins v Tashjian,* 124 AD2d 629, 630), and thus, should not have been considered by Supreme Court in determining defendant's motion. (Appeal from Order of Supreme Court, Erie County, Francis, J.—Settle Record.) Present—Green, J. P., Balio, Lawton, Fallon and Davis, JJ.