■ RICARDO A. L. MESA, Appellant, v JAMES R. VIOLANTE et al., Defendants and Third-Party Plaintiffs-Respondents. ISLAND GARDEN LANDSCAPING & CONTRACTING, INC., Third-Party Defendant-Respondent. [614 NYS2d 224] —In an action to recover damages for personal injuries under Labor Law § 240 the plaintiff appeals from an order of the Supreme Court Suffolk County (Doyle, J.), dated June 8, 1992, which granted the motion of third-party defendant, Island Garden Landscaping & Contracting, Inc., for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs to the respondents appearing separately and filing separate briefs.

Defendants, James R. Violante and Nancy A. Violante, are the owners of the residential property at which the plaintiff was injured. They are also respectively, the President and Secretary of the third-party defendant, Island Garden Landscaping & Contracting, Inc. (hereinafter Island), of which the plaintiff was an employee at the time of the accident. It is undisputed that the plaintiff was performing work for Island at the time he was injured. Since the plaintiff received workers' compensation for his injury, recovery from the defendants is, therefore, barred, as the defendants are coemployees of the plaintiff. "Regardless of [their] status as owner[s] of the premises where the injury occurred [the Violantes remain] * * * coemployee[s] in [their] relations with plaintiff in all matters arising from and connected with their employment" *(Heritage v Van Patten,* 59 NY2d 1017, 1019). Therefore, the motion court properly granted summary judgment dismissing the complaint.

We have examined the plaintiff's remaining contentions, and find them to be without merit. Lawrence, J. P., Ritter, Hart and Krausman, JJ., concur.