■ Roy Russell, Appellant, v Renee Gaines, as Executrix of Roy Gaines, Deceased, Respondent. [619 NYS2d 420] —Order reversed on the law without costs, motion denied and cross motion granted. Memorandum: Supreme Court erred in granting defendant's motion for summary judgment on the ground that plaintiff's Labor Law §§ 240 and 241 and negligence causes of action are barred by Workers' Compensation Law § 29 (6). Plaintiff was hired by Gaines Electrical Contracting, Inc. (Gaines Electrical) through Temporary Career Services as a temporary employee to do carpentry work on Gaines Electrical's warehouse. While so employed, plaintiff was instructed by defendant's decedent, Roy Gaines (Gaines), president and sole shareholder of Gaines Electrical, that, when the warehouse job was finished, plaintiff was to replace the roof of Gaines's privately owned farmhouse. While working on the roof of the farmhouse, plaintiff fell and sustained injuries after stepping on a loose piece of plywood. It is uncontested that plaintiff was not supplied with safety equipment. After this action was commenced, Gaines died and Renee Gaines, as executrix of his estate, was substituted as defendant.

On a motion for summary judgment, a defendant has the burden of establishing the defense of Workers' Compensation Law by a preponderance of the evidence *(see, Donatin v Sea*

*Crest Trading Co.,* 181 AD2d 654, 655). Defendant failed to meet that burden.

Workers' Compensation Law § 29 (6) provides that its provisions "shall be the exclusive remedy to an employee * * * when such employee is injured or killed by the negligence or wrong of another in the same employ." In order to come within the protection of the exclusivity provision of Workers' Compensation Law § 29 (6), "a defendant must himself have been in the course of his employment at the time of the injury" *(Connell v Brink* [appeal No. 1], 199 AD2d 1032, citing *Maines v Cronomer Val. Fire Dept.,* 50 NY2d 535, 543). Defendant made no showing that Gaines was acting within the scope of his employment with Gaines Electrical at the time plaintiff was injured, or that Gaines Electrical had an ownership interest in or exercised control over the farmhouse, or that it benefitted from the work performed by plaintiff. In her motion for summary judgment, defendant merely asserted that Gaines was the sole shareholder and an employee of Gaines Electrical and was the owner of the farmhouse where the accident occurred. That was insufficient to establish a defense under Workers' Compensation Law § 29 (6) *(see, Connell v Brink, supra; Cusano v Staff,* 191 AD2d 918; *Donatin v Sea Crest Trading Co., supra).*

In light of our decision, plaintiff's cross motion for partial summary judgment on the Labor Law § 240 (1) cause of action is granted. It is uncontested that plaintiff fell and was injured while engaged in an "elevation-related risk" at a construction site lacking appropriate safety equipment *(Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514; *see, Tiernan v County of Monroe,* 172 AD2d 1068; *Staples v Town of Amherst,* 146 AD2d 292). Defendant has raised the statutory defense that, because Gaines was the owner of a one-family dwelling "who contract[ed] for but * * * [did] not direct or control the work", she is not liable (Labor Law § 240 [1]). In her motion for summary judgment, however, defendant conceded that Gaines and/or Gaines Electrical "had complete control and direction concerning the work performed by plaintiff". That constitutes a judicial admission that is binding on defendant *(see, Pok Rye Kim v Mars Cup Co.,* 102 AD2d 812; Richardson, Evidence § 209 [Prince 10th ed]).

All concur except Wesley, J., who dissents and votes to affirm in the following Memorandum.

Wesley, J. (dissenting). I respectfully dissent. The majority's determination that section 29 (6) of the Workers' Compensa-

tion Law is not a bar to plaintiff's Labor Law § 240 (1) cause of action is premised on a determination that defendant made no showing that "Gaines was acting within the scope of his employment with Gaines Electrical at the time plaintiff was injured, *or* that Gaines Electrical had an ownership interest in or exercised control over the farmhouse" (emphasis added). The majority is correct in its determination that Gaines Electrical had no ownership interest in the farmhouse; however, the record and the majority's memorandum decision establish that there is no issue of fact that Gaines was a coemployee of plaintiff and that Gaines and his company supervised the method and the manner of plaintiff's work on the farmhouse roof.

There is no doubt that plaintiff was working within the scope of his employment; the record establishes that he applied for and received workers' compensation benefits as a result of his fall. During his work at the farmhouse, he continued to report his hours in the same manner as he had on the warehouse job and he was paid the same wage rate he had previously negotiated with Gaines Electrical. On several days, plaintiff worked at the farmhouse only to return to work at the warehouse when that job required his skills. According to plaintiff's deposition testimony, plaintiff was supervised on both jobs by a foreman/employee of Gaines Electrical and by Gaines personally. All the materials used at the farmhouse were purchased by Gaines Electrical.

"Coemployee immunity is only justified when the tortfeasor's conduct is within the course of employment; otherwise, the coemployee's employment status is unconnected to the risk of injury to the fellow-worker from an industrial accident" *(Cusano v Staff,* 191 AD2d 918, 919, citing 2A Larson, Workmen's Compensation § 72.23). The record establishes that Gaines was the chief executive officer of plaintiff's corporate employer. The injury sustained by plaintiff occurred at a job site where his work was controlled and directed by his employer. That fact serves as the basis for the majority's determination that plaintiff is entitled to summary judgment on his Labor Law § 240 (1) cause of action. Gaines Electrical had an obligation to provide its employees with a safe place to work *(see, Cusano v Staff, supra,* at 919). Gaines was the owner of the farmhouse and had a statutory obligation to provide a safe place for plaintiff to work when he directed the manner and the method of the work *(see,* Labor Law § 240 [1]; *Cusano v Staff, supra,* at 919-920). "[T]he defendant had indistinguishable responsibilities, as an executive employee and as a prop-

erty owner, for safety precautions to avoid the plaintiff's injury" *(Cusano v Staff, supra,* at 920, citing *Lindner v Kew Realty Co.,* 113 AD2d 36, 44).

Gaines did not divest himself of his status as plaintiff's coemployee when he directed plaintiff's work (for which plaintiff received company pay) on property owned by Gaines individually. "Regardless of his status as owner of the premises where the injury occurred, [Mr. Gaines] remains a coemployee in his relations with plaintiff in all matters arising from and connected with their employment" *(Heritage v Van Patten,* 59 NY2d 1017, 1019; *see also, Mesa v Violante,* 204 AD2d 610). This case is indistinguishable from *Heritage* and its progeny that have imposed the restrictions of Workers' Compensation Law § 29 (6) in situations where the tortfeasor's conduct is within the course of employment; the injury occurs at a work site controlled or owned by the employer; and the executive employee/owner has indistinguishable duties for safety precautions to avoid plaintiff's injury *(see, Heritage v Van Patten, supra; Cusano v Staff, supra; Lindner v Kew Realty Co., supra).* Plaintiff has applied for and received workers' compensation benefits. I am constrained to dissent in light of the Court of Appeals' determination in *Heritage* that, to my mind, prohibits the result reached by the majority. (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Summary Judgment.) Present—Green, J. P., Balio, Wesley, Callahan and Boehm, JJ.