■ EMIL CORTEZ et al., Appellants, v HORIZONS INVESTORS CORP., Defendant, and BENJAMIN FERNANDEZ, Respondent. [644

NYS2d 725]

"It has consistently been held that the immunity from civil liability under Workers' Compensation Law § 29 (6) for a tort committed by the victim's coemployee is limited to acts or omissions of the tortfeasor within the scope of his or her employment" (*Cusano v Staff*, 191 AD2d 918, 919; *see also, Maines v Cronomer Val. Fire Dept.*, 50 NY2d 535).

In this case, defendant Benjamin Fernandez, as president of Bronx Manor Hotel Corp., was a coemployee of plaintiff, who was employed by that entity as a maintenance worker. However, there are questions of fact as to whether Fernandez was acting within the scope of his employment in assigning plaintiff to do yard work at Fernandez's residence, which was owned by defendant Horizons Investors Corp. and leased to Fernandez. Indeed, the only support for the proposition that Fernandez was acting within the scope of his employment is his own statement that Bronx Manor Hotel Corp. maintained an "office" on the premises for which it "may have paid some rent". Clearly, there is a question of fact as to whether this alleged office was such as to create any obligation by or benefit to the corporate employer in the maintenance of the property's grounds (*see, Russell v Gaines*, 209 AD2d 939, *lv denied* App Div, 4th Dept, Feb. 3, 1995). Concur—Milonas, J. P., Ellerin, Rubin, Nardelli and Tom, JJ.