■ Joseph Lomonaco et al., Respondents, v Lomonaco's Landscaping, Inc., Appellant. [732 NYS2d 434] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Pitts, J.), dated May 22, 2001, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiffs commenced this action against the defendant, Lomonaco's Landscaping, Inc. (hereinafter Lomonaco, Inc.), *inter alia*, to recover damages for personal injuries sustained by the plaintiff Joseph Lomonaco while Andrew Lomonaco was performing landscaping work at the plaintiffs' home on October 14, 1996. At the time of the accident, Andrew Lomonaco was president and sole shareholder of Lomonaco, Inc. Neither the corporate defendant, Andrew Lomonaco, nor any of his helpers, were paid for their work on that day.

Lomonaco, Inc., sought summary judgment dismissing the complaint on the grounds that it could not be held vicariously liable for Andrew Lomonaco's actions, and that Andrew performed the landscaping work as a son doing a favor for his father rather than as an agent of Lomonaco, Inc. In its motion, Lomonaco, Inc., argued that none of the men who performed the landscaping work were paid for their services, and that it did not receive any benefit from the work. The plaintiffs, in opposition, submitted an attorney's affirmation which shed no light on how Lomonaco, Inc., benefited from the work performed on the day of the accident.

There is no evidence that there was an "obligation by or benefit to the corporate employer" from the work performed on the day of the accident (*Cortez v Horizons Investors Corp.,* 228 AD2d 372). Rather, Andrew Lomonaco was performing a private errand, resulting from his personal relationship with the plaintiffs, with no relation to the corporate business (*see, Morris v Thomas,* 188 So 166 [La]). It cannot be said that Andrew Lomonaco was acting in the scope of his employment (*see, Cortez v Horizons Investors Corp., supra*; *Matter of McDermott v Giles Varnish Co.,* 27 AD2d 781). Accordingly, the defendant's motion for summary judgment is granted and the complaint is dismissed. O'Brien, J. P., Goldstein, Schmidt and Smith, JJ., concur.