*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   December 29, 2016          522420
_____

RITA GARELLE,

                    Appellant,

          v                              MEMORANDUM AND ORDER

CHERYL GEINITZ,

                    Respondent.
_____

Calendar Date:   November 17, 2016

Before:   Peters, P.J., Garry, Devine, Mulvey and Aarons, JJ.

                         _____


          Hinman, Howard & Kattell, LLP, Binghamton (Paul T. Sheppard
of counsel), for appellant.

          Law Office of Susan B. Owens, New York City (Julio E.
Urrutia of counsel), for respondent.

                         _____


Aarons, J.

          Appeal from an order of the Supreme Court (O'Shea, J.),
entered April 30, 2015 in Chemung County, which, among other
things, granted defendant's motion for summary judgment
dismissing the complaint.

          Defendant is the president and a shareholder of Total
Recall Message Center, Inc. and she also owns, in her individual
capacity, the property and building where Total Recall and other
tenants rent commercial office space.  In January 2010,
plaintiff, an employee of Total Recall, slipped and fell on an
ice patch in the parking lot behind Total Recall while on a work-
sanctioned break.  Plaintiff subsequently commenced this
negligence action alleging that she sustained personal injuries
as a consequence of her slip and fall.  Following joinder of

issue and discovery, plaintiff moved under CPLR 3211 and 3212 to strike defendant's Workers' Compensation Law affirmative defense. Defendant moved for summary judgment dismissing the complaint on the ground that the complaint was barred by Workers' Compensation Law §§ 11 and 29. Supreme Court denied plaintiff's motion and granted defendant's motion. Plaintiff appeals.

Initially, we disagree with plaintiff that Supreme Court erred in entertaining defendant's Workers' Compensation Law affirmative defense. As her sixth affirmative defense, defendant alleged that plaintiff's "action [was] barred by the Workers' Compensation Law," which plaintiff contends was insufficient. Although defendant did not specify what section of the Workers' Compensation Law she intended to rely upon, a correspondence from defendant's counsel to plaintiff's counsel, which defendant incorporated by reference in her verified bill of particulars as to her affirmative defenses, set forth various legal decisions discussing, among other things, Workers' Compensation Law § 29 (6). Under these circumstances, we conclude that plaintiff was sufficiently apprised that defendant would rely on this specific provision (see generally Schmidt's Wholesale v Miller & Lehman Constr., 173 AD2d 1004, 1004 [1991]) and, thus, Supreme Court properly entertained this affirmative defense.

Turning to the merits, when an employee, during the course of his or her employment, is injured due to the negligence of a coemployee, the employee's right to compensation lies under the exclusive provisions of the Workers' Compensation Law (see Workers' Compensation Law § 29 [6]; Heritage v Van Patten, 59 NY2d 1017, 1019 [1983]). Where the defendant is both the property owner and a corporate officer of the plaintiff's employer, the defendant's responsibility to provide the plaintiff with a safe place to work may be merged, in which case, workers' compensation benefits are the sole remedy for the plaintiff (see Parrinello v Mancuso, 251 AD2d 856, 857 [1998]; Kinsman v McGill, 210 AD2d 659, 660 [1994]). If, however, the "defendant's duty of care toward [the] plaintiff was owed purely in [the] capacity as owner of the property at the accident site, and not at all as a coemployee," Workers' Compensation Law § 29 (6) will not bar the plaintiff's negligence action (Cusano v Staff, 191 AD2d 918, 920 [1993]).

The parties do not dispute where plaintiff slipped and fell. The issue distills to whether the accident site was in an area that was exclusive to Total Recall and its employees such that defendant, as the property owner and an executive officer of Total Recall, had indistinguishable obligations to maintain the area in a reasonably safe condition. The record discloses that when necessary, Total Recall employees, with tools provided by Total Recall, salted and shoveled the walkway outside the office's rear entrance to clear a path to their cars in the parking lot. Indeed, according to the leases that defendant executed with the other commercial tenants who rented space at her property, each tenant was "responsible for snow removal." However, while defendant elaborated in her deposition that this responsibility of each tenant extended to the "front of each business," the leases are entirely silent as to specifically where each tenant was responsible for snow removal; critically, plaintiff's accident occurred behind the building. Furthermore, defendant did not execute a formal lease with Total Recall and, therefore, the extent and boundaries of Total Recall's snow removal obligations are unclear. Moreover, defendant hired someone to plow snow from the parking lot and paid that person from the building's financial account. While defendant maintains that where plaintiff fell in the parking lot was within an area generally set aside for Total Recall employees to park, defendant also testified that there were no signs directing where employees of other building tenants could or could not park. Based on the foregoing, we conclude that questions of fact exist concerning whether the area where plaintiff fell was within the exclusive control of Total Recall (see Cusano v Staff, 191 AD2d at 919-920; compare Kinsman v McGill, 210 AD2d at 660). Consequently, Supreme Court should have denied defendant's summary judgment motion.

Finally, in light of our determination, plaintiff is not entitled to dismissal of defendant's Workers' Compensation Law affirmative defense as a matter of law. As such, Supreme Court properly denied plaintiff's motion.

Peters, P.J., Garry, Devine and Mulvey, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion; said motion denied; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court