Rosales v Rivera (2019 NY Slip Op 07105)





Rosales v Rivera


2019 NY Slip Op 07105


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-10100
 (Index No. 24692/11)

[*1]Miguel Rosales, appellant, 
v
Angel O. Rivera, et al., defendants, Mario Espinal, et al., respondents.


Kujawski & Kujawski, Deer Park, NY (Jennifer A. Spellman of counsel), for appellant.
John W. Hobbes (Sweetbaum & Sweetbaum, Lake Success, NY [Marshall D. Sweetbaum and Joel Sweetbaum] of counsel, for respondents.
Lewis Johs Avallone Aviles, LLP, Islandia, NY (Robert A. Lifson of counsel), for defendants Kathleen Connelly and Dawn M. Connelly.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated August 2, 2017. The order granted that branch of the motion of the defendants Mario Espinal and Maria L. Espinal which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with one bill of costs to the defendants Mario Espinal and Maria L. Espinal, payable by the plaintiff.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in a motor vehicle accident. The accident allegedly occurred when a vehicle operated by the defendant Kathleen Connelly and owned by the defendant Dawn M. Connelly was struck in the rear by a vehicle operated by the defendant Maria L. Espinal and owned by the defendant Mario Espinal (hereinafter together the Espinals). Thereafter, a third vehicle, operated by the defendant Angel Rivera, in which the plaintiff was a passenger, allegedly struck the rear of the Espinal vehicle, and a fourth vehicle, owned and operated by the defendant Teresa Beltre, allegedly struck the rear of Rivera's vehicle.
The Espinals moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) or, in the alternative, that the Espinals could not be held liable in light of a formal judicial admission by the plaintiff that the Espinals were not a proximate cause of the plaintiff's injuries. With regard to the latter argument, the Espinals argued that the plaintiff had, in effect, admitted that the Espinals were free from fault when his attorney argued, in an affirmation submitted in support of a prior motion, that "Rivera and . . . Beltre were negligent as a matter of law for their failure to bring their vehicles to a timely halt and that such negligence was the sole proximate cause of the complained of collision" (emphasis added). The plaintiff opposed the motion.
The Supreme Court granted that branch of the Espinals' motion which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the [*2]plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d). The plaintiff appeals.
As an initial matter, we agree with the plaintiff that the Espinals failed to meet their prima facie burden for summary judgment on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d), as the Espinals' papers failed to adequately address the plaintiff's claims that he sustained a serious injury to his head under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Adams v Dura Cab Corp., 152 AD3d 634, 635; Che Hong Kim v Kossoff, 90 AD3d 969, 969). Since the Espinals failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Nevertheless, the Espinals were entitled to summary judgment dismissing the complaint insofar as asserted against them, as the plaintiff made an informal judicial admission that the Espinals were not at fault in the happening of the accident. The plaintiff argued in prior motion practice that Rivera's and Beltre's failures to safely bring their vehicles to a stop was the sole proximate cause of the plaintiff's injuries (see Russell v Gaines, 209 AD2d 939, 940; Matter of Home of Histadruth Ivrith v State of N.Y. Facilities Dev. Corp., 114 AD2d 200, 204; Pok Rye Kim v Mars Cup Co., 102 AD2d 812, 812; see also Michigan Nat'l. Bank-Oakland v American Centennial Ins. Co., 89 NY2d 94, 103). "Admissions by counsel, as by any other agent, are admissible against a party provided that the statements had been made by the attorney while acting in his authorized capacity" (Bellino v Bellino Constr. Co., 75 AD2d 630, 630; see Matter of Home of Histadruth Ivrith v State of N.Y. Facilities Dev. Corp., 114 AD2d at 204). An informal judicial admission is evidence of the fact or facts admitted (see Michigan Nat'l. Bank-Oakland v American Centennial Ins. Co., 89 NY2d at 103). In opposition to the motion, the plaintiff failed to raise a triable issue of fact as to whether the Espinals' conduct proximately caused his injuries. Accordingly, the order appealed from should be affirmed.
MASTRO, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court