FILED

MAR 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KATHLEEN EDWARDS,

       Plaintiff - Appellant,

  v.

PRINCESS CRUISE LINES, LTD.,

       Defendant - Appellee.

No. 07-15251

D.C. No. CV-05-03076-BZ

MEMORANDUM [*]

Appeal from the United States District Court
for the Northern District of California
Bernard Zimmerman, Magistrate Judge, Presiding

Argued and Submitted February 9, 2010
San Francisco, California

Before: O'SCANNLAIN, TROTT, and PAEZ, Circuit Judges.

    Kathleen Edwards appeals from the district court's grant of summary

judgment to Princess Cruise Lines, Ltd. ("Princess"), denial of post-judgment

relief, and award of costs in this action arising under the Americans with

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Disabilities Act ("ADA") and California law. The facts are known to the parties, and we do not repeat them here except as necessary.

## I

"Federal courts are *required* sua sponte to examine jurisdictional issues such as standing." *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008) (internal quotation marks omitted). Moreover, the issue of standing is nonwaivable. *Id.* at 1036. Having examined the record, we are satisfied that Edwards has established that she has standing. *Id.* at 1037; *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1137-38 (9th Cir. 2002).

## II

## A

The district court granted summary judgment on grounds that the six-month contractual limitations period in the passage contract for the 2003 cruise barred Edwards' claims. Invocation of a contractual limitations period to bar a claim is an affirmative defense. *Han v. Mobil Oil Corp.*, 73 F.3d 872, 877-78 (9th Cir. 1995). Therefore, Princess bears the burden of proof and "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992) (internal quotation marks omitted).

We are persuaded, however, that Princess failed to carry its initial burden on summary judgment. Because its motion misconstrued Edwards' claims as relating to her 2003 cruise only (as distinguished from injunctive relief for future cruises), Princess failed to establish that they fell within the ambit of the contractual limitations period. Furthermore, even assuming that they did, Princess failed to address the "two-pronged 'reasonable communicativeness' test" that this court employs "to determine under federal common law and maritime law when the passenger of a common carrier is contractually bound by the fine print of a passenger ticket." *Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 835 (9th Cir. 2002).

Having failed to establish that it was entitled to a directed verdict on its affirmative defense, Princess never shifted the burden to Edwards to "com[e] forward with evidence to defeat the motion for summary judgment" on the defense. *Houghton*, 965 F.2d at 1537. Hence, the district court erred in concluding that "Edwards impermissibly rested on the allegations . . . in her Complaint" and that Princess was therefore entitled to summary judgment on the contractual limitations defense.

B

3

Although we may affirm summary judgment on any ground supported by the record, we decline to do so here because "we see no reason to decide *ab initio* issues that the district court has not had an opportunity to consider and that present questions of first impression in our circuit." *Badea v. Cox*, 931 F.2d 573, 575 n.2 (9th Cir. 1991). Consequently, we remand to the district court to consider whether Princess is entitled to summary judgment on any of the alternative grounds presented in its motion for summary judgment. We also vacate the award of costs. *Solis v. County of Los Angeles*, 514 F.3d 946, 958-59 (9th Cir. 2008).

**REVERSED and REMANDED.**[1]

---

[1] In light of the foregoing, we dismiss as moot Edwards' appeal from the denial of her motion for post-judgment relief pursuant to Federal Rules of Civil Procedure 59 and 60. *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 (9th Cir. 2007).