**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LINDSEY TOFSRUD,

        Plaintiff - Appellant,

  v.

JOHN E. POTTER, Postmaster General of the United States; DAVID KENNEDY, individually and as a marital community; JANE DOE KENNEDY, individually and as a marital community; UNITED STATES OF AMERICA,

        Defendants - Appellees.

No. 11-35366

D.C. No. 2:10-cv-00090-JLQ

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Justin L. Quackenbush, Senior District Judge, Presiding

Argued and Submitted July 10, 2012
Seattle, Washington

Before: SCHROEDER, REINHARDT, and M. SMITH, Circuit Judges.

Lindsey Tofsrud appeals the district court's order granting summary

judgment to her employer, John Potter, Postmaster General of the United States, on

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Tofsrud's Title VII hostile work environment claim. The district court concluded Tofsrud had exhausted her administrative remedies. It also concluded she had not established a prima facie claim of a hostile work environment. We may affirm on any ground supported by the record. *See Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008).

With respect to exhaustion, Tofsrud initiated contact with an E.E.O.C. counselor within 45 days of the triggering event for the constructive discharge claim she alleged in the district court. Although she has abandoned that claim on appeal, it is closely related to her hostile work environment claim. The district court correctly ruled that Tofsrud exhausted her administrative remedies. *See Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003); 29 C.F.R. § 1614.105(a).

A Title VII plaintiff establishes a prima facie hostile work environment claim by showing verbal or physical conduct of a sexual nature, that was unwelcome, and that was sufficiently severe or pervasive so as to alter the conditions of employment. *See Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1055 (9th Cir. 2007). It is uncontested that the supervisor's conduct was unwelcome and subjectively offensive. The district court erred in concluding the conduct was not of a sexual nature, however. Tofsrud made a showing that her supervisor made verbal and physical sexual overtures, and there was no contrary

showing. The conduct included threats of firing, and was objectively offensive. Because he was a supervisor, his statements could have raised a reasonable fear that sexual harassment had become a condition of her continued employment. *Brooks v. City of San Mateo*, 229 F.3d 917, 924 (9th Cir. 2000); *see also E.E.O.C. v. Prospect Airport Servs.*, 621 F.3d 991, 999 (9th Cir. 2010) (distinguishing coworkers and supervisors).

Even though Tofsrud has made out a prima facie claim, the employer contends it is nonetheless entitled to summary judgment because it can establish an affirmative defense under *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998), and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998). The record shows the employer adopted an anti-harassment policy with a mechanism for reporting, investigating, and remedying complaints—and followed that policy in this case. The employer therefore acted reasonably in preventing and correcting harassment. *See Swenson v. Potter*, 271 F.3d 1184, 1193 (9th Cir. 2001).

Tofsrud did not use the employer's available corrective measures. She contends only that she did not receive information at her orientation on how to report harassment by a supervisor. Not only were the reporting instructions available in the workplace, however, but Tofsrud had previously gone over her supervisor's head to a higher manager in order to report a workplace grievance. In

addition, she delayed reporting the harassment until days before resigning, and she then refused the employer's offer to reassign her to a comparable position within the same workplace.

Our law is intended to encourage employers to provide, and employees to use, remedies within the workplace, so an employee may not unreasonably fail to use those remedies. *See Ellerth*, 524 U.S. at 765; *Faragher*, 524 U.S. at 805–08. Tofsrud acted unreasonably in not taking advantage of the employer's preventive and remedial mechanism. *See Montero v. Agco Corp.*, 192 F.3d 856, 863 (9th Cir. 1999) (employee acted unreasonably if she had notice of the anti-harassment policy and had previously talked with a manager, but nonetheless delayed reporting). As the employer has carried its burden on the affirmative defense, it remains entitled to summary judgment.

**AFFIRMED**.