

**Filed**
Supreme Court of Guam, Clerk of Court

# IN THE SUPREME COURT OF GUAM

**NADIA NGIRANGESIL, individually and as Administrator
of the Estate of JAY WASISANG, Deceased,**
Plaintiff-Appellant,

**v.**

**KWANG H. KIM; PYUNG H. KIM; JOHN DOE INSURANCE
CARRIER NO. 1-5; and DOES 1-10, inclusive,**
Defendants-Appellees.

Supreme Court Case No.: CVA21-004
Superior Court Case No.: CV1315-19

## OPINION

## Cite as: 2021 Guam 28

Appeal from the Superior Court of Guam
Argued and submitted on October 25, 2021
Via Zoom video conference



**E-Received**
12/29/2021 8:58:43 AM

Appearing for Plaintiff-Appellant:
Mark E. Williams, *Esq.* (briefed)
Law Offices of Mark E. Williams, P.C.
BankPacific Bldg.
166 W. Marine Corps Dr., Ste. 102
Dededo, GU 96929

William L. Gavras, *Esq.* (argued)
Law Offices of William Leon Gavras, P.C.
101 Salisbury St.
Dededo, GU 96929

Appearing for Defendants-Appellees:
Thomas C. Sterling, *Esq.* (briefed)
R. Marsil Johnson, *Esq.* (briefed & argued)
Blair Sterling Johnson & Martinez, P.C.
238 Archbishop F.C. Flores St., Ste. 1008
Hagåtña, GU 96910

BEFORE: F. PHILIP CARBULLIDO, Chief Justice; ROBERT J. TORRES, Associate Justice; and KATHERINE A. MARAMAN, Associate Justice.

**CARBULLIDO, C.J.:**

[1]     Plaintiff-Appellant Nadia Ngirangesil filed this wrongful death action against Defendants-Appellees Kwang H. Kim, Pyung H. Kim, John Doe Insurance Carrier No. 1-5, and Does 1-10, inclusive.  The Superior Court granted the Kims' motion for summary judgment, and Ngirangesil timely appeals the court's application of the exclusive remedy provision of Guam's worker's compensation laws.  The Kims broadly argue that the facts here are indistinguishable from the circumstances in *Gibbs v. Holmes*, 2001 Guam 11, and thus the court's ruling in that case should be dispositive.  Ngirangesil disputes the Kims' interpretation of our holding in *Gibbs* and argues that the facts, or at least the inferences that could be drawn from the facts on the record, differ and, thus, summary judgment is inappropriate.  We affirm the decision of the Superior Court.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

[2]     In 2018, Jay Wasisang suffered a fatal accident at a property in Mangilao owned by Kwang H. Kim and Pyung H. Kim.[1]  The property was the Kims' residence and storage for heavy equipment belonging to the Dae San Corporation ("Dae San"), a company dealing mainly in heavy equipment rental.

[3]     Mrs. Kim was the President and Secretary of Dae San, Mr. Kim was the Treasurer, and both were employed by the company.  The Kims were both shareholders of the closely held corporation.

---

[1] In their opposing brief, the Kims clarify that in their answer to Ngirangesil's first amended complaint, they incorrectly admitted that both Mr. and Mrs. Kim owned the property.  Appellees' Br. at 4 n.1 (Aug. 4, 2021).  However, "[a]lthough Mr. Kim did not own the property, for the purposes of this appeal, Appellees will treat him as if he did." *Id.*  The court will do likewise.

**[4]**    Wasisang was employed by Dae San as an equipment operator and was on duty at the time of the accident. Mr. Kim was training Wasisang on how to maintain and grease a backhoe when Wasisang was accidentally struck in the head by a broken-down forklift. Mr. and Mrs. Kim rendered first aid, and then paramedics took Wasisang to the hospital where he later died

**[5]**    Nadia Ngirangesil, Wasisang's common law wife,[2] made a worker's compensation death claim on behalf of Wasisang's children, and the insurer has paid benefits.

**[6]**    Ngirangesil later filed a first amended complaint against the defendants. After filing an answer, the Kims moved for summary judgment, arguing that as officers and employees of Wasisang's employer, they are entitled to immunity under the exclusive remedy provision of the worker's compensation law. The Superior Court granted summary judgment, and Ngirangesil timely appealed.

## II. JURISDICTION

**[7]**    We have jurisdiction to hear appeals from a final judgment of the Superior Court. 48 U.S.C.A. § 1424-1(a)(2) (Westlaw through Pub. L. 117-76 (2021)); 7 GCA §§ 3107, 3108(a) (2005).

## III. STANDARD OF REVIEW

**[8]**    "We review a trial court's decision granting a motion for summary judgment *de novo*." *Unpingco v. Derry*, 2021 Guam 1 ¶ 9 (quoting *Hawaiian Rock Prods. Corp. v. Ocean Hous., Inc.*, 2016 Guam 4 ¶ 13).

**[9]**    We review *de novo* a trial court's interpretation of Guam's worker's compensation laws. *Amerault v. Intelcom Support Servs., Inc.*, 2004 Guam 23 ¶ 9 (citing *Gibbs v. Holmes*, 2001 Guam 11 ¶ 12).

---

[2] While Guam does not recognize common law marriage, referring to someone as a common law spouse usually describes a cohabiting couple. *People v. Pablo*, 2016 Guam 11 ¶ 3 n.1.

## IV. ANALYSIS

[10]     The liability of an employer under Guam's worker's compensation statute is "exclusive and in place of all other liability of such employer to the employee." 22 GCA § 9106 (2005). But where "some person other than the employer" is liable, an employee may claim compensation under the worker's compensation statute and also proceed at law against that third party. 22 GCA § 9134 (2005).

[11]     However, "[n]othing contained in § 9134 of this Title shall be deemed to create a cause of action by an injured employee against any co-employee, officer, agent or director of the employer." 22 GCA § 9135 (2005). "Thus, under the Worker's Compensation Law, immunity from suit extends to employees and officers of the employer. The test for whether the exclusive remedy provision applies is whether the plaintiff's injuries are due to the negligence of another person or persons 'in the same employ.'" *Gibbs*, 2001 Guam 11 ¶ 14 (quoting 22 GCA § 9135).

[12]     Finding "guidance in the case law of those jurisdictions that have adopted worker's compensation statutes that are substantially similar to Guam's statutes," we held that a defendant is "in the same employ" as the plaintiff (and thus immune from suit) if the allegedly tortious acts are committed within the scope and course of defendant's employment. *See id.* ¶¶ 15-18.

[13]     *Gibbs* was factually similar to this case in all material respects: individual defendants owned land which they allowed to be used by a corporation in which they were owners, directors, officers, and employees. *Id.* ¶ 2. The plaintiff was injured in an accident on the premises and received worker's compensation benefits. *Id.* ¶¶ 2-3. The Superior Court granted summary judgment for the defendants, and we affirmed, finding both that the defendants were in the same employ as plaintiff and that the "dual persona" doctrine did not preclude immunity. *Id.* ¶¶ 1, 18, 23, 25.

**[14]** This case differs from *Gibbs* in that here there is no indication that a formal lease was used, and the Kims had a residence on the property. *See id.* ¶¶ 2, 5. However, these facts are insufficient to justify departure from the analysis relied on in *Gibbs*.

**[15]** Ngirangesil argues that because the Kims failed to introduce evidence that their job duties included maintaining a safe work environment, they could not avail themselves of the exclusive remedy provision of Guam's worker's compensation laws providing immunity for those "in the same employ" as Wasisang. Appellant's Br. at 14-16 (July 5, 2021). The Kims counter that corporate officers who are also landowners in possession and control of the premises are presumed to have such a duty under *Gibbs*. *See* Appellees' Br. at 6-8 (Aug. 4, 2021). The Superior Court agreed with the Kims, and we concur.

**[16]** We take this opportunity to clarify that, to the extent not already established in *Gibbs*, (i) a corporate officer who is also (ii) the landowner of (iii) the worksite on which the accident occurred and (iv) in possession and control of the premises is presumed to have a duty to maintain a safe workplace. The alleged failure to exercise *that* duty is an omission within the scope and course of employment. Defendants who have shown that they are corporate officers of the plaintiff's employer and that they are landowners in possession and control of the worksite on which the accident occurred do not have to bring forth additional evidence of their job responsibilities. Rather, they are entitled to the presumption that they have a duty to maintain a safe workplace.

**[17]** The case of *Cusano v. Staff*, 595 N.Y.S.2d 248 (App. Div. 1993), cited in *Gibbs*, helps illustrate this point. In *Cusano*, plaintiff secretary was employed by a company which leased office space in a building; she was injured in the parking area of the property. 595 N.Y.S.2d at 249. Defendant was the principal stockholder and managing officer of plaintiff's employer and also the owner of the property. *Id.*

[18]    The court clarified that "[c]oemployee immunity is only justified when the tortfeasor's conduct is within the course of employment." *Id.* Reasoning that plaintiff's accident occurred not "on her employer's premises, but in a common parking area as to which plaintiff's employer had no rights other than to use a designated number of parking spaces," the court upheld the denial of summary judgment because "defendant's duty of care toward plaintiff was owed purely in his capacity as owner of the property at the accident site, and not at all as a coemployee." *Id.* at 250. More broadly: "the duty of providing a safe place to work may not be imposed absent some right of control at the accident site enabling the defendant to avoid or correct an unsafe condition." *Id.*

[19]    Here, the Kims have introduced evidence they are both corporate officers of Wasisang's employer and landowners of the worksite on which the accident occurred. To determine whether they are immune from suit under the exclusive remedy provision of the worker's compensation laws, the question is whether they were in "possession and control" of the premises.

[20]    Mr. and Mrs. Kim owned the property and lived there. Both were present on the day of the accident. Mr. Kim was training Wasisang on equipment maintenance when the accident occurred, and both Mr. and Mrs. Kim rendered first aid while waiting for the paramedics to arrive. This is sufficient to show that they were in possession and control of the premises.

[21]    In her briefs, Ngirangesil urges the court to adopt an alternate reading of *Gibbs* which would require a more fact-intensive inquiry into corporate officers' roles and responsibilities to determine whether they had a duty to maintain a safe worksite. *See, e.g.*, Appellant's Br. at 16-21 (pointing to what she characterizes as conditional language in *Gibbs*, caselaw from other jurisdictions discussing fact-specific inquiry into officer's duties even where they owned the property, and cases rejecting immunity where landowner owned and benefited from the property as an individual); Appellant's Reply Br. at 12-13 (Aug. 18, 2021). At oral argument, counsel for

Ngirangesil pointed to the language in *Gibbs* of officers "specifically charged" with maintaining a safe workplace and suggested that to determine whether the exclusivity provision applies to corporate officers in a particular case, courts should analyze the contractual relationship between the corporation and its officers. *See* Oral Argument at 10:18:22–10:24:54 (Oct. 25, 2021).

[22]    We reject Ngirangesil's reading of *Gibbs* and her reliance on caselaw from other jurisdictions because we have ruled on the question. Instead, we reiterate and clarify that a corporate officer in possession and control of the worksite is presumed to have a duty to maintain a safe workplace, and the alleged failure to exercise *that* duty is an omission within the scope of employment.

[23]    Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Guam R. Civ. P. 56(c).

[24]    Ngirangesil argues that the Kims did not meet their burden to show they are entitled to judgment as a matter of law because a reasonable jury could infer from the facts in evidence that the Kims were not in the same employ as Wasisang. Appellant's Br. at 6-7, 24-25. This argument fails because the Kims introduced uncontroverted evidence they were corporate officers of Wasisang's employer and that they were landowners in possession and control of the premises where the accident occurred. No additional evidence is required. We presume that they had a duty to maintain a safe workplace and hold that the alleged violation of *that* duty is an omission in the course and scope of their employment. *See* Appellant's Br. at 2 (characterizing her complaint as one alleging breach of defendants' "duty of care as property owners to exercise reasonable care in

the management of their property"). Thus, the Kims are entitled to immunity under the exclusive remedy provision of Guam's worker's compensation laws.

[25]     We also reject Ngirangesil's arguments that the dual persona doctrine applies. As we explained in *Gibbs*, "[t]he 'dual persona' doctrine is a judicially created mechanism that allows a plaintiff to sue his employer for work-related injuries despite the exclusive remedy provision of worker's compensation law." *Gibbs*, 2001 Guam 11 ¶ 19. We articulated the dual persona doctrine as a circumstance in which

> an otherwise exempt employer (or officer) may become liable to suit *as a third party* "if—and only if—he possesses a second persona so completely independent from and unrelated to his status as employer that by established standards the law recognizes [the employer] as a separate legal person." . . . [T]he dual persona doctrine applies only when "the second set of obligations [are] independent of the defendant's obligations as an employer . . . [I]t must be possible to say that the duty arose *solely* from the *non-employer* persona. . . ." The duties "must be totally separate from and unrelated to those of employment."

*Id.* (alterations in original) (quoting *Hatch v. Lido Co. of New England*, 609 A.2d 1155, 1156 (Me. 1992)). As applicable here we said:

> [A] corporate officer who is in possession and control of the premises has the same duty to keep the premises safe as that of a landowner. The duties merge and are indistinguishable. Because a corporate officer's violation of his duty to maintain a safe workplace is an act that is "incidental" to employment, the violation of this exact same duty as a landowner is also an act that is "incidental" to employment. Thus, the corporate officer cannot be seen as having a different "persona" as landowner . . . .

*Id.* ¶ 22 (citations omitted).

[26]     The facts in *Gibbs* were similar to the facts here in all material respects. There we declined to apply the dual persona doctrine to make the landowner officers liable where they were in possession and control of the premises because they had "the same duty" as officers and as landowners to "minimize the risk of injury to the employee due to the condition of the premises." *Id.* ¶ 23. Here, the same analysis requires the same conclusion.

[27]     Ngirangesil argues this case critically differs from *Gibbs* because the Kims lived on the premises. *See* Appellant's Br. at 21-24. She suggests that the Kims' "primary purpose of the property is living there, not storing heavy equipment for the benefit of Dae San Corporation." *Id.* at 23; *see also* Reply Br. at 17-19 (again arguing that the Kims' ownership of the property was "completely unrelated" to their involvement with Dae San).

[28]     A review of the record suggests this is stretching the facts in evidence, which instead point to a dual purpose for the property.[3] More fundamentally, however, this argument fails because in *Gibbs* we found that a corporate officer in possession and control of the premises (as defendants were in *Gibbs* and as the Kims are here) has "the same duty to keep the premises safe as that of a landowner. The duties merge and are indistinguishable." *Gibbs*, 2001 Guam 11 ¶ 22 (citations omitted).

[29]     Both here and in *Gibbs*, defendants owned and controlled property and allowed it to be used by the company in which they were officers. *See id.* ¶ 2. Ngirangesil fails to explain how the Kims' residence on the property altered their duties as landowners from the duties held by the landowner defendants in *Gibbs*.

[30]     The question is whether the Kims' allegedly separate personas had "independent" and "totally separate" duties which were "unrelated" to their employment duties. *See id.* ¶ 19 (quoting *Hatch*, 609 A.2d at 1156). Here, like in *Gibbs*, the facts suggest identical duties for defendants as

---

[3] In their answer, the Kims admit that they own a residence at the property but deny that it is "personal property." Record on Appeal ("RA"), tab 8 at 1, 2 (Answer, Mar. 31, 2020). In her declaration, Mrs. Kim states that she owned the property and that it was used "for both our residence and the business of Dae San Corporation." RA, tab 19 at 2 (Decl. Kwang H. Kim, Jan. 14, 2021). Mr. Kim's declaration does refer to it as "our residential property," RA, tab 17 at 1 (Decl. Pyung H. Kim, Jan. 14, 2021), but the annual reports for the corporation also list the property as the "Principal Office" of the corporation in Guam, RA, tab 19, Ex. A (Dae San Annual Reports, Aug. 30, 2017 - Aug. 21, 2019). In her briefing in the Superior Court, Ngirangesil pointed to statements allegedly made by Pedro Morales (another shareholder of Dae San) that the location of the accident was a residence and not a construction site. *See, e.g.*, RA, tab 7 at 4 (First Am. Compl., Feb. 20, 2020); RA, tab 27 at 3 (Opp'n Mot. Summ. J., Feb. 10, 2021). The Kims admitted in their answer that Morales made these statements. RA, tab 8 at 1 (Answer).

landowners and as corporate officers; the presence of a residence on the property did not affect those duties.

[31]    Contrary to Ngirangesil's argument, *see* Reply Br. at 5 n.1, it was not the Kims' burden to show inapplicability of the dual persona doctrine.  The Kims have the burden to show there is no dispute as to any material fact and that they are entitled to judgment as a matter of law on their affirmative defense, i.e., that they are in the same employ as Wasisang and thus immune from suit under the worker's compensation exclusive remedy provision.  *See, e.g.*, *Ji v. Toves*, 2020 Guam 2 ¶ 16 ("defendants bear burden of proving affirmative defense" (citing *Mobil Oil Guam, Inc. v. Young Ha Lee*, 2004 Guam 9 ¶ 24)); *Island Eye Ctr., Inc. v. Lombard*, 2020 Guam 32 ¶ 31 (movant "bears the initial responsibility" of establishing basis for motion for summary judgment (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986))); *Dewan v. M-I, L.L.C.*, 858 F.3d 331, 334 (5th Cir. 2017) ("When summary judgment is sought on an affirmative defense, . . . the movant 'must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor.'" (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986))); *see also Tofsrud v. Potter*, 490 F. App'x 857, 859 (9th Cir. 2012) (affirming summary judgment where employer defendant "carried its burden on the affirmative defense").

[32]    The Kims successfully carried their burden to show they were "in the same employ" as Wasisang by proving that they were corporate officers of his employer and also landowners in possession and control of the worksite on which the accident occurred.

[33]    Whether the dual persona doctrine applied was not part of the Kims' affirmative defense, but Ngirangesil's *response* to their affirmative defense.  Thus, it was not the Kims' burden but Ngirangesil's to show applicability of the dual persona doctrine.  *See, e.g.*, *Dewan*, 858 F.3d at 334 ("Once the movant [establishes all of the elements of an affirmative defense], the burden shifts

to the nonmovant to establish an issue of fact that warrants trial." (quoting *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 420 n.4 (5th Cir. 2016))); Guam R. Civ. P. 56(c); *cf. Edwards v. Princess Cruise Lines, Ltd.*, 371 F. App'x 768, 769 (9th Cir. 2010) (holding that defendant had not carried initial burden on summary judgment and thus "never shifted the burden" to plaintiff to come forward with evidence to defeat motion on affirmative defense). Ngirangesil failed to carry her burden to show that the duties owed by the Kims as landowners differed from the duties owed by landowner defendants in *Gibbs* and so, contrary to the result in *Gibbs*, the dual persona doctrine could apply. Ngirangesil failed to show how the residence on the property altered the Kims' duties.

[34] We offer one final point of clarification. Ngirangesil argues that creating "a 'bright line' rule—i.e., a rule without exceptions—of absolute immunity would completely contradict the fact that *Gibbs* is the case in which Guam expressly adopted the dual persona doctrine." Reply Br. at 5; *see also id.* at 11-12, 19.

[35] We do not hold that corporate officers are *per se* immune under all circumstances. Rather, we hold that corporate officers who are also landowners of the worksite where the accident occurred and are in possession and control of those premises are presumed to have a duty to maintain a safe workplace and that alleged violation of *that* duty is an omission within the scope of employment. This opinion does not address a circumstance, for instance, in which a plaintiff is injured while being driven by a corporate officer landowner defendant between a jobsite and the worksite owned and controlled by the defendant. There, the alleged violation of duty would not be maintenance of safe premises, but the duty to safely operate the vehicle.

[36] There might still be circumstances in which a landowner corporate officer in possession and control of the worksite could be held liable under the dual persona doctrine. As an example, consider a modification of the hypothetical above in which the plaintiff was injured *on the worksite*

owned and controlled by the defendant while being driven by the corporate officer landowner defendant. There might be an argument that the defendant breached two types of duties, a duty to maintain safe premises and a duty to safely operate the vehicle. If the plaintiff alleged the defendant violated the duty to maintain safe premises, which caused unsafe driving conditions, this would likely be the same duty owed both as landowner and as corporate officer in possession and control of the premises. The duties would merge, and the dual persona doctrine would not apply. Our decision here does not address whether the plaintiff might be able to prove the violation of a second, separate duty to safely operate the vehicle.

**[37]** Our holding does not create a *per se* rule that corporate officers are always immune from suit; nor do we address circumstances in which landowner corporate officer defendants in possession and control of the relevant worksite are alleged to have violated duties other than the duty to maintain safe premises.

## V. CONCLUSION

**[38]** We **AFFIRM** the Superior Court's grant of summary judgment.

| /s/ | /s/ |
|:---:|:---:|
| ROBERT J. TORRES | KATHERINE A. MARAMAN |
| Associate Justice | Associate Justice |

/s/
F. PHILIP CARBULLIDO
Chief Justice